No. 39,961

In the Matter of the Estate of Katherine E. Hupp, Deceased. (Sarah E. Dillman and Louise Prouty, *Petitioners* and *Appellants,* v. L. J. Nelson, Executor of the Estate of Katherine E. Hupp, Deceased; Louis Spangler and Edwin O. Peters, *Respondents* and *Appellees.*)

(291 P. 2d 428)

Opinion filed December 10, 1955.

*Bernard Peterson* and *J. G. Somers,* both of Newton, argued the cause, and *John W. Plummer, George A. Robb* and *Forrest A. Wilson,* all of Newton, were with them on the briefs for the appellants.

*J. Rodney Stone,* of Newton, argued the cause and was on the brief for Edwin O. Peters, appellee.

*Lelus B. Brown,* of Newton, argued the cause and was on the brief for Louis Spangler, appellee.

*Cliff Morgan,* of Newton, was on the brief for L. J. Nelson, Executor, appellee.

The opinion of the court was delivered by

Parker, J.: This is the second appearance of this action in this

court (See *In re Estate of Hupp,* 177 Kan. 202, 277 P. 2d 618). The appeal is from a judgment denying petitioners' claim against the estate of Katherine E. Hupp, deceased, and from all other adverse rulings.

It goes without saying that the issues now to be reviewed are dependent upon later events and proceedings. Nevertheless, since this cause was determined by the court below on the record in the first case it is particularly important that readers of this opinion understand the facts, circumstances and conditions governing our decision in the first appeal. They are clearly and succinctly set forth in the opinion of that decision where they can be found by reference when required for purposes essential to the disposition of this appeal. For that reason they will not be here detailed or repeated.

After the first appeal, wherein this court held that the trial court had reached its decision on an erroneous premise and thus left it with no alternative than to grant a new trial, the first move on the part of claimants was to file a petition in the court below requesting that the district judge, who had tried the first case, should remove himself from the trial of the cause and all further proceedings to be had therein.

This petition discloses the ground of disqualification relied on and is not too lengthy to preclude its quotation. Omitting formal averments, matters of no consequence and the prayer it reads:

"This action originated in the Probate Court of Harvey County, Kansas, as a demand filed in the Estate of Katherine E. Hupp, deceased, by Sarah E. Dillman and Louise Prouty, as claimants. The demand was disallowed by the Probate Court of Harvey County, Kansas, and thereafter an appeal was taken from the order of disallowance to the District Court of Harvey County, Kansas.

"This cause came on for hearing on appeal before the Honorable Alfred G. Schroeder, Judge of the Ninth Judicial District, at Newton, Harvey County, Kansas, on the 10th day of June, 1953.

"The primary question involved was whether or not the contract alleged to have been made between the decedent, Katherine E. Hupp, and your petitioners, whereby, in consideration of the conveyance by your petitioners, Sarah E. Dillman and Louise Prouty, of their interests in a certain eighty-acre tract to the decedent, Katherine E. Hupp, so that she in turn could convey it to Louis E. Spangler, Katherine E. Hupp agreed to bequeath and devise all of her property to the children of your petitioners, was ever made.

"The trial court made findings of fact and conclusions of law. Finding of Fact No. 12, made by the Honorable Alfred G. Schroeder reads:

"'12. That during the administration of the estate of Frank S. Hupp, deceased, Katherine E. Hupp, as Administratrix, had several conversations with claimants and the other heirs at law of Frank S. Hupp, with respect to the disposition and division of the real and personal property of said estate, the true nature and extent of which cannot be determined from the evidence, but all of which are so closely related to the subject dealt with in the written family agreement dated September 17, 1949, that said prior conversations and negotiations are deemed merged into said written family agreement.'

"Conclusion of Law No. 4 made by the Honorable Alfred G. Schroeder reads:

"'4. Katherine E. Hupp did not enter into a verbal agreement with her sisters, Sarah E. Dillman and Louise Prouty, that she would leave, will or devise all of her property unto her nieces and nephews, the children of Sarah E. Dillman and Louise Prouty.'

"Thereafter and on the 13th day of November, 1953, the claim of the petitioners was denied.

"An appeal was thereafter duly and regularly perfected to the Supreme Court of the State of Kansas from the order, judgment, ruling and decision of the Honorable Alfred G. Schroeder denying the claim of your petitioners, Sarah E. Dillman and Louise Prouty.

"Reference is made to the opinion of the Supreme Court of the State of Kansas wherein the judgment of the trial court was reversed with directions to grant a new trial, reported in Volume 177 (2) of the Advance Sheets of the Kansas Reports at page 202.

"At page 207 the Supreme Court, speaking through Price, J., said:

"'As before stated, really only two matters were in dispute. The first was whether it was Frank's wish that Spangler have the eighty-acre tract after his death. By the very language of the quoted portion of the written family agreement Frank's heirs "agreed" that such was the fact. The other question was whether the alleged oral agreement, whereby, in consideration of the conveyance by Sarah and Louise of their interests in the eighty-acre tract to Katherine so that the latter could in turn convey it to Spangler, Katherine agreed to bequeath and devise all of her property to the children of Sarah and Louise, was ever made. Narrowed down, that was actually the only issue in the case.'

"The opening day of the February, 1955, term of the District Court of Harvey County, Kansas, is the 14th day of February, 1955, on which date this cause, being on docket, will be set for trial pursuant to the direction of the Supreme Court granting a new trial herein. There is but one material question of fact to be determined. That question being, was there a contract made between Katherine E. Hupp, the decedent, in her lifetime, and petitioners, whereby, in consideration of the conveyance by your petitioners of their interests in the eighty-acre tract to Katherine E. Hupp so that she could in turn convey it to Spangler, Katherine E. Hupp agreed to bequeath and devise all of her property to her nieces and nephews, the children of your petitioners.

"The Honorable Alfred G. Schoeder as trial judge, sitting as court and jury, heard the uncontradicted and corroborated evidence adduced by your petitioners in the former trial, and after hearing all such evidence, found and

determined that Katherine E. Hupp did not enter into a verbal agreement with Sarah E. Dillman and Louise Prouty that she would leave, will or devise all of her property to her nieces and nephews, the children of your petitioners.

"Since the original trial of this case in the District Court of Harvey County, Kansas, the claimants, petitioners herein, have been unable to discover any new, additional or even cumulative evidence, either in support of or in denial of their claims so that the evidence to be introduced at the new trial, insofar as the claimants are concerned, will be substantially the same as that introduced at the original trial.

"Therefore your petitioners respectfully represent that having not only formed but having officially expressed an opinion and conclusion of fact on the salient issue the mind of the Honorable Alfred G. Schroeder is not in that condition of impartiality that is required of the trier of facts and in all fairness to these petitioners he should remove himself from the trial of this cause."

Subsequent to a hearing on the foregoing petition the district judge denied the relief therein sought. It is interesting to note the record discloses that in making such ruling he made the following statement:

"I have read the petition and, of course, a reading of the petition would make it appear that I should disqualify from hearing the case; however, if counsel will recall, a letter was submitted in connection with the announcement of the ruling in this case in which this paragraph was inserted in the letter: 'So much of the evidence in this case as tends to vary or contradict the terms of a written contract is stricken and such evidence has not been considered by the court in reaching its decision. Such evidence is considered to be incompetent and its admission is in violation of the parol evidence rule.' Therefore, the evidence which apparently is incorporated in the petition to be the reason for disqualification was disregarded in ruling the case and that apparently was the decision of the Supreme Court, the evidence not having been considered was error. For that reason, this court—I do not feel that I am disqualified to hear the case in any sense of the word. Therefore, the petition for disqualification is denied."

Following the ruling on the petition for disqualification the cause, as has been heretofore indicated, was submitted to the trial court on the previous record. Thereafter such court made findings of fact and conclusions of law, one of which conclusion is similar in substance to conclusion of law No. 4, as it appears in the petition heretofore quoted, and then, in conformity with such findings of fact and conclusions of law, rendered judgment, as it did in the first case, denying the petitioners' claim. Motions to set aside and vacate the findings of fact and conclusions of law and for a new trial were then filed by petitioners. When these were overruled they perfected the instant appeal where, under proper specifications of

error, they now challenge the propriety of each and all of the rulings to which reference has been heretofore made as well as the judgment.

The first of numerous specified errors is that the trial judge erred in refusing to disqualify himself upon the petitioners' verified application because he had theretofore judicially determined the salient question involved. Since, if it is to be upheld, other specifications of error become immaterial so far as disposition of the cause is concerned we turn directly to the issue it raises.

There can be no doubt regarding the basic principle upon which provisions of our statute (See G. S. 1949, 20-305 and 60-511) relating to the disqualification of judges rest. Long ago in *Tootle v. Berkley,* 60 Kan. 446, 56 Pac. 755, we held:

"The purpose of the law is that no judge shall hear and determine a case in which he is not wholly free, disinterested, impartial, and independent." (Syl. ¶ 1.)

Mindful of the fundamental concept from which it stems we are impelled to conclude the corollary of the rule just above stated is that when circumstances and conditions surrounding litigation are of such nature they might cast doubt and question as to the fairness or impartiality of any judgment the trial judge may pronounce, such judge, even though he is not conscious of any bias or prejudice, should disqualify himself and permit the case in question to be tried before a judge pro tem.

Moreover in view of the foregoing rules, as well as our statute, all must admit it is the duty of this court to maintain and safeguard the right of trial by a fair and impartial tribunal and to be vigilant in seeing to it that every possible semblance of reasonable doubt or suspicion on that question is removed and eliminated to the end that justice may be properly administered.

In our opinion application of the foregoing rules and proper exercise of appellate obligation with respect to the peculiar factual situation existing in this case makes disposition of the issue now under consideration comparatively simple. Resort to the record discloses that in the first case the trial judge made finding of fact No. 12 and conclusion of law No. 4, set forth at length in the petition for disqualification. The same source reveals the fact, which in view of the heretofore quoted statement made by him in denying the petition for disqualification in the second case cannot be successfully challenged or denied, that the trial court on the basis of no evidence whatsoever was able to conclude, as a matter of law, on what this

court has specifically determined was actually the only issue in the case, that Katherine E. Hupp did not enter into a verbal agreement with her sisters (the petitioners herein) that she would leave, will or devise all of her property to her nieces and nephews, the children of such petitioners.

In the face of what has been heretofore stated and pointed out the composite or collective impression gained by careful consideration of the over-all situation, as it existed at the time of the over-ruling of the petition for disqualification, forces this court to the conclusion that it would be better for all parties concerned, and of a certainty conducive to the best interests of the judiciary in general, if the trial judge had sustained the petition for disqualification and permitted the case to be tried by a judge pro tem. Therefore we hold that it was error for him to refuse to do so.

In reaching the foregoing conclusion we have not overlooked, but rejected as here inapplicable, the rule announced in *Sheldon v. Board of Education,* 134 Kan. 135, 4 P. 2d 430, wherein it is held that "Previous adverse rulings of a trial judge, although numerous and erroneous, where they are subject to review, are not ordinarily and alone sufficient to show such bias or prejudice as would disqualify him as judge." All we now hold is that the existing circumstances and conditions, as herein outlined, are such as to cast doubt and question on the impartiality of any judgment the trial judge may pronounce and that for that reason, and it alone, he should have granted the petition for disqualification.

Nor have we ignored contentions advanced by appellants that even though the trial judge did not disqualify himself when he should have done so they are entitled to judgment on the record, because of other errors alleged and ruled on, in a case where such judge went ahead and proceeded to render a judgment against them. We are cited to and know of no authorities warranting any such action.

The judgment is reversed and a new trial granted with directions that the district judge grant the petition for disqualification and that the cause proceed thereafter in the manner contemplated by statute.

It is so ordered.