477 P.2d 548

**CONSOLIDATED CARPET CORPORA-TION, a corporation, Petitioner,**

v.

**The SUPERIOR COURT of Arizona IN AND FOR the COUNTY OF MARICOPA, and the Honorable John E. Burke, a Judge thereof, Respondents.**

1 CA–CIV 1527.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 8, 1970.

Wilson, McConnell & Moroney, Beverly J. McConnell, Phoenix, for petitioner.

JACOBSON, Judge.

The question before us in this special action is whether an affidavit of bias and prejudice seeking a change of judge should have been honored.

Consolidated Carpet Corporation, the petitioner in this original proceeding, is the plaintiff in a civil action pending in the Superior Court, which action was assigned to the respondent judge. Prior to presentation of any issue of fact or law in the Superior Court litigation, petitioner's

attorney filed an "Affidavit of Bias and Prejudice", which in its body states:

"Beverly J. McConnell, being first duly sworn upon her oath, deposes and says:

"I am the attorney for the plaintiff in the above entitled action, and as such make this affidavit on their behalf. I have reason to believe and do believe that on account of the bias, prejudice or interest of the Honorable John E. Burke, Judge of the above entitled action, to whom the above action has been assigned, that plaintiff cannot attain a fair and impartial trial on determination herein.

"Plaintiff does therefore request that this action be transferred to another division of the above entitled Court."

The respondent judge denied the request of the affidavit by the following minute entry:

"An Affidavit of Bias and Prejudice has been filed against this Court in the above cause. The affidavit is rejected and denied because it fails to comply with the rules of Court, statutes of the State, and the decision in the cause of Liston v. Eutler [4 Ariz.App. 460, 421 P.2d 542]."

■ An attorney may file an affidavit of bias and prejudice in behalf of the party he represents. Liston v. Butler, 4 Ariz.App. 460, 463, 421 P.2d 542, 545 (1966), referring to Rule 11(b) of the Rules of Civil Procedure, 16 A.R.S. This being established, it seems clear that the affidavit filed in behalf of petitioner meets the terms of A.R.S. § 12–409, which provides in pertinent part as follows:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action. * * *

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

\* \* \* \* \* \*

"5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

In Liston v. Butler, *supra,* the serious flaw in the affidavit presented to the court was that it merely stated that the trial judge was biased and prejudiced *against the attorney-affiant.* The court held that bias and prejudice toward the attorney as opposed to the party was not a basis for disqualification under the statute. In the present case, the affidavit states that it is made "on behalf" of the plaintiff, and avers that on account of bias, prejudice or interest," * * * *plaintiff* cannot attain a fair and impartial trial * * *."

■ We fail to see where the affidavit in the present case is anything but entirely in accord wtih Rule 11(b) of the Rules of Civil Procedure, A.R.S. § 12–409 subsec. A and, subsec. B, par. 5, and Liston v. Butler, *supra.* No other infirmity is suggested and none appears to us.

■ The affidavit being proper, the respondent judge was required to transfer the cause to another judge. Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (1963). Extraordinary relief by special action is proper. *Id.*

The issuance by this court of its mandate in this matter will constitute an order to the respondent judge to transfer the pending action to another division of the Superior Court of Maricopa County.

EUBANK, P. J., and HAIRE, J., concur.