No. 46,536

CHARLES HULME, d/b/a CHARLES HULME CONSTRUCTION COMPANY, *Plaintiff*, v. FREDERICK WOLESLAGEL, Judge, TWENTIETH JUDICIAL DISTRICT, DIVISION 1, *Defendant*.

(493 P. 2d 541)

Opinion filed January 5, 1972.

*J. Eugene Balloun,* of Turner & Balloun, Chartered, of Great Bend, argued the cause, and *Lee Turner* and *Mary A. Senner* of the same firm were with him on the brief for the plaintiff.

*Edward G. Collister, Jr.,* assistant attorney general, argued the cause and *Vern Miller,* attorney general, was with him on the brief for the defendant.

On the brief *amici curiae* were: *Larry Keenan, Jerry M. Ward, John M. Russell, Robert E. Southern, Hugh D. Mauch, William H. Pringle* and *Nuss, Pringle, Kaufman* and *Nuss, M. John Carpenter, Loyd H. Phillips, Brock R. McPherson,* and *Donald H. Humphreys,* all of Great Bend; *Marvin Thompson, Robert L. Earnest, Rex L. Culley,* and *Woelk* and *Culley,* and *Michael S. Holland,* all of Russell; *Dennis L. Bieker* and *Dreiling* and *Bieker* of Hays; *Jack N. Stewart* and *Hampton, Royce, Engleman* and *Nelson,* of Salina.

The opinion of the court was delivered by

HARMAN, C.: This is an original proceeding in mandamus brought by plaintiff requesting that this court order defendant, administrative judge of the Twentieth Judicial District of Kansas, Division One, to disqualify himself pursuant to Section 3, Chapter 198, Laws 1971 (now K. S. A. 1971 Supp. 20-311d, *et seq.*).

Certain facts forming the background of this proceeding, which are not in dispute, may be gleaned from plaintiff's petition. Briefly stated, plaintiff alleges he files this action individually and as representative of a class of persons, corporate and individual, who are clients of the law firm of Turner & Balloun, Chartered, and have cases pending in the Twentieth Judicial District, in which district there are two divisions; that he is plaintiff in an action brought in

the district court of Barton county in the Twentieth Judicial District entitled Charles Hulme, d/b/a Charles Hulme Construction Company, versus Roy W. Stevens and Andy Kindsvater Trucking Co., Inc., defendants, case No. 23,950; that on July 19, 1971, certain members of the Turner firm signed and filed an affidavit pursuant to Section 3, Chapter 198, Laws 1971, for the purpose of disqualifying defendant, on the ground of bias and prejudice, from further participation in or presiding over plaintiff's case, and on September 1, 1971, plaintiff signed and filed his affidavit in the case for the same purpose; on September 1, 1971, defendant ordered a hearing to be held as a result of the filing of the affidavits and on September 9, 1971, over plaintiff's objection, defendant held a district-wide hearing as to all cases in which similar affidavits had been filed either by the Turner law firm or by their clients, at the conclusion of which hearing defendant found the affidavits to be frivolous and without merit and denied the relief sought; defendant further ordered that five copies of the transcript of the September 9, 1971, hearing be made, the cost thereof to be taxed against the Turner firm.

The affidavit signed by the attorneys contained a general allegation of bias and prejudice on the part of defendant and recited as examples certain occurrences in nine prior cases in which he had presided as judge and in which an attorney of the Turner firm had appeared on behalf of one of the litigants; broadly stated, the events described consisted of several rulings made by defendant adverse to the litigants represented by the Turner firm and also, in other cases, remarks and comments by him relative to the conduct and tactics of the particular attorney member of the firm who participated in the case. The affidavit signed by plaintiff, omitting formal parts, reads as follows:

"I, Charles Hulme being of lawful age after first being duly sworn upon my oath allege and state:

"First, that I am a party to the above-captioned case and am represented therein by Turner & Balloun, Chartered, attorneys at law;

"Second, that an affidavit has previously been filed herein by said attorneys stating facts and reasons upon which a belief that personal bias and prejudice exists on the part of the Honorable Frederick Woleslagel, Judge, Division I of the Twentieth Judicial District;

"Third, that said affidavit was filed for the purpose of disqualifying said judge from any further participation in the trial of this case;

"Fourth, that I have read said affidavit and the contents thereof have been fully and completely explained to me;

"Fifth, that on the basis of said information and other numerous facts and

circumstances explained to me by my said attorneys, I believe that personal bias and prejudice on the part of said judge exists and I am of the opinion the same would make it difficult for us to have a fair and impartial trial before the Honorable Frederick Woleslagel.

"Sixth, that I am filing this affidavit for the purpose of disqualifying said judge from any further participation in the trial of this case.

"Seventh, that by reference I hereby incorporate the contents of said attorney's affidavit into this affidavit as if fully set forth herein.

"Eighth, that the purpose of this affidavit is to comply with the provisions of Ch. 198 [1971] Kan. Sess. Laws."

Preliminarily, we note that the exercise of a trial court's discretion cannot be controlled by mandamus, but where an order of the trial court denies a litigant a right or privilege which exists as a matter of law, and there is no remedy by appeal, mandamus may be invoked.

Simply stated, plaintiff's position is that the provisions of the 1971 enactment give him a right as a matter of law to have his case transferred to another division of the court when he timely files an affidavit alleging any of the grounds set out in the statute; that under K. S. A. 60-2102 ($a$) he has no appeal as of right from the order denying a transfer, nor does an intermediate appeal lie under K. S. A. 60-2102 ($b$) because the order does not involve a controlling question of law. Defendant's contentions in opposition will be presently stated.

Before reciting and considering the statute in question it may be helpful to an understanding of the contentions of the parties relative to the construction to be placed upon it to survey briefly legislation enacted elsewhere pertaining to disqualification of a trial judge on the ground of bias or prejudice, as judicially construed. Some states have neither constitutional nor statutory provision on the subject and the matter of recusation is left to the good conscience of the individual judge. In a few states the appellate courts have, under their rule-making power, prescribed a procedure. Many, however, now have some type of legislation. Those having statutory procedures for recusation for bias or prejudice may be categorized in three groups, based on the ease with which a change may be obtained, although slight variations exist within each group.

Some states require that the factual issues of prejudice be heard and determined before a judge is to be recused, that is, his actual prejudice must be proved in order to obtain his disqualification. In this group several jurisdictions require that another judge hear

and determine the fact of prejudice, while others permit the challenged judge to determine his own state of mind (Kansas, with some exception, generally fell into this latter class prior to the enactment of the legislation under consideration [see *Flannery v. Flannery*, 203 Kan. 239, 452 P. 2d 846]).

The next group comprises those jurisdictions which require the filing of an affidavit of prejudice containing facts but without a hearing on the fact of prejudice. The affidavit must contain a general allegation of prejudice, plus factual statements supporting the charge of prejudice, and the judge passes only on the legal sufficiency of the affidavit—not on the truth of the facts alleged. Representative of this group is the federal statute which provides that when a party to a proceeding in district court files a timely and sufficient affidavit, certified to have been made in good faith, that the judge has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The federal act contains this further proviso: "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . ." (28 USCA ¶ 144). Here the facts alleged in the affidavit are taken as true, but those facts "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment" (*Berger v. United States*, 255 U. S. 22, 33-34, 65 L. ed. 481, 41 S. Ct. 230). In this category of jurisdictions, as indicated, the trial judge, in the first instance, passes only on the legal sufficiency of the affidavit filed against him.

The third group of jurisdictions requires only the filing of an affidavit stating that the affiant believes he cannot obtain a fair trial because of the judge's bias or prejudice. Facts underlying the affiant's belief need not be stated in the affidavit, a conclusory type of allegation being sufficient, and disqualification of the judge from further participation is automatic without any hearing on the truth or the legal sufficiency of the matter alleged in the affidavit. No discretion is vested in the judge against whom the affidavit is filed as to his recusation as it is the filing of the affidavit itself which disqualifies the judge and not the actual existence of circumstances which would in fact disqualify him. Typical of this type of statute is that of Arizona (Ariz. Rev. St. Anno. §§ 12-409, 410, 411) which has been termed a mandatory disqualification statute by reason of the fact that under it a litigant has an absolute substantive right

to obtain a change of judge upon the filing of an affidavit containing the statutory language (for an excellent discussion of the groups mentioned see "Disqualification of Judges For Prejudice or Bias—Common Law Evolution, Current Status, and The Oregon Experience," 48 Oregon Law Review 311 [1969]).

K. S. A. 1971 Supp. Chapter 20, the interpretation of which is the subject of this proceeding, provides in pertinent part:

"20-311d. (a) If either party to any action in a district court files an affidavit alleging any of the grounds specified in subsection (b) the administrative judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of another judicial district be assigned to preside in such cause. If an affidavit be filed in a district court in which there is but one division or judge, then such judge shall at once notify the departmental justice for such district and request the appointment of another judge to hear such action.

"(b) Grounds which may be alleged as provided in subsection (a) for change of judge are:

"(1) That the judge has been engaged as counsel in the action prior to the appointment or election as judge.

"(2) That the judge is otherwise interested in the action.

"(3) That the judge is of kin of or related to either party to the action.

"(4) That the judge is a material witness in the action.

"(5) That the party filing the affidavit has cause to believe and does believe that on account of the *personal* bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial. *Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists.* [Emphasis supplied]

"20-311e. No judge or court shall punish for contempt any one making, filing or presenting the affidavit provided for by section 3 [20-311d] of this act, or any motion founded thereon.

"20-311f. (a) No party shall be granted more than one change of judge in any action, but each party shall be heard to urge his objections to a judge in the first instance: *Provided, however,* That a party shall have seven (7) days after pretrial, or after receipt of written notice of the judge to which the case is assigned or before whom the case is to be heard, whichever is later, in which the affidavit may be filed.

"(b) The trial shall be held within the county in which venue lies."

Plaintiff urges this statute should be construed as a mandatory disqualification statute, arguing it contains language similar to that in the Arizona statute cited and should be similarly construed. Plaintiff also points out we formerly had a disqualification statute applicable to justices of the peace (K. S. A. 61-701, since repealed) which required only the filing of a conclusory type affidavit that the party believed he could not have a fair and impartial trial on account of the bias or prejudice of such justice against the affiant, and

which this court interpreted as a mandatory disqualification statute (*Weaver v. Wilson,* 112 Kan. 417, 211 Pac. 142; *Borden v. Miles,* 130 Kan. 808, 288 Pac. 563). In arguing that the question there passed upon is analogous to the one at bar plaintiff directs attention to the following language in *Borden:*

"The right of a litigant before a justice of the peace to a change of venue upon the timely filing of an affidavit with a statement of the statutory grounds therefore is absolute under the statute. [p. 810] . . . The statutory affidavit which contains the requisite recitals literally lifts the cause out of the justice's jurisdiction, leaving him naught to do except the performance of his ministerial duty of transferring the cause to another justice of the peace and forwarding the papers to such other justice together with a certified transcript of the proceedings." (pp. 811-812.)

In response defendant asserts the mere filing of an affidavit purporting to comply with the statute should not in and of itself cause the disqualification of a judge against whom the affidavit is directed and that the statute is more akin to the federal statute and should be similarly construed. Defendant further says the affidavits which were actually filed were not legally sufficient to require disqualification under the statute. In this connection he argues our legislature intended by its use of the term "personal" in our statute that the bias or prejudice must be one directed personally toward the party litigant rather than against his attorney. He also asserts the procedure employed here amounts to a blanket-type disqualification, which practice should not be permitted. Finally, he contends that if it be held the statute requires automatic disqualification of a judge without a determination of sufficiency, then the statute is unconstitutional as violative of the separation of powers' doctrine.

Our review of the statutes on the subject elsewhere indicates none of them, standing alone, is sufficiently similar to our own to dictate adoption of a particular construction here. As is normally true in statutory construction, legislative intent may best be determined from the plain meaning of the words used in the statute in the light of all the experience available to the law-making body. We consider first whether the legislature intended a mandatory disqualification type statute, as that in Arizona, or a hearing type statute, as in the federal code. As initially introduced by the House Judiciary Committee at the 1971 legislative session the proposed law (HB 1297) did not contain the language we have italicized in quoting the final enactment, that is, in subparagraph (5) of what is now K. S. A. 1971 Supp. 20-311d (*b*) the word "personal" did not

appear nor did the last sentence therein: "Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists". This sentence, and the word "personal", were added by amendment during the legislative process prior to final adoption. As initially introduced the proposal did bear considerable resemblance to the Arizona statute, but we cannot overlook the amendment thereafter made. Plaintiff argues that the purpose of adding the sentence in question was merely to supply an additional safeguard against abuse of the remedy. When our research discloses no statute construed to be of the mandatory disqualification type which contains such a proviso, this argument loses much of its appeal. And, of course, our old justice of the peace statute, which was construed to require mandatory disqualification, contained no provision for a statement of facts and reasons.

The historical background, legislative proceedings and changes made in a statute during the course of enactment may be considered by a court in determining legislative intent (*Urban Renewal Agency v. Decker*, 197 Kan. 157, 415 P. 2d 373). The sentence which was added to the statute during the course of its enactment is virtually identical to that found in the federal disqualification statute (28 USCA § 144). This is significant and leads us to believe the legislature had the federal practice in mind in making that amendment. Although this particular statute contains no requirement for a certificate by counsel that the party's affidavit is made in good faith, as does the federal statute, we note that another statute already on the books provides that every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and further, that the signature of an attorney constitutes his certificate that he has read the pleading and to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay (K. S. A. 60-211). We conclude then that the provisions of K. S. A. 1971 Supp. 20-311d, e and f do not prescribe a mandatory type procedure for disqualifying a judge for bias or prejudice, but rather contemplate a hearing as to the legal sufficiency of the affidavit—not as to the fact of bias or prejudice. We further hold the affidavit must contain facts and reasons which give fair support for the belief that on account of the bias or prejudice of the judge the affiant cannot obtain a fair trial.

Having reached this conclusion we are confronted with the further procedural question as to who should make this determination

of legal sufficiency? Our statute appears to be unique, an admixture differing in important respects from the federal statute and those of other jurisdictions requiring a sufficiency hearing. Again we think its entire provisions must be read and considered together so as to give effect to all sections where possible.

20-311d (*a*) provides that upon the filing of an affidavit alleging any of the grounds specified in subsection (*b*) the administrative judge "shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of another judicial district be assigned to preside in such cause". The statute then provides for the use of departmental justice assignment of another judge in the case of a one judge or one division district court. Transfer is the first step called for by the statute (or request for assignment of another judge so that transfer may be made). 20-311f provides that "each party shall be heard to urge his objections to a judge in the first instance." Clearly this relates to objections to a judge on the basis of his bias or prejudice under subparagraph (5) of 20-311d (*b*). The hearing referred to is on the legal sufficiency of the affidavit. To sustain the request for change the judge must find that the party seeking the change "has cause to believe and does believe that on account of the personal bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial", and the affidavit must state facts and reasons which, assuming their truth, give fair support for the belief, that is, demonstrate a well-grounded belief he will not have a fair trial. Transfer to another judge is the statute's first command and we believe the legislature intended by the use of such imperative that transfer is to be automatic upon filing of an affidavit. With this in mind we further believe the hearing proviso contemplates the use of a second judge—the one to whom the case is transferred or assigned. In reaching this conclusion we note the obvious dissatisfaction arising from the somewhat incongruous federal practice of having the challenged judge sit in judgment on the legal sufficiency of the challenge against him. In 2B Barron and Holtzoff, Federal Practice and Procedure, 1970 Pocket Part, § 902, this comment appears:

"There are obvious difficulties in having the judge against whom an affidavit of prejudice is filed pass on the legal sufficiency of the affidavit. To avoid these difficulties, the Judicial Conference of the United States has approved a bill pending in Congress which would require a judge other than the one against whom the affidavit is filed to pass upon the sufficiency of the affidavit." (p. 30.)

Under this construction the second judge, if he finds the affidavit to be legally sufficient, would proceed to hear and determine the case. If he finds the affidavit legally insufficient he would simply transfer the case back to the first judge for further proceedings, in which event, after final determination of the case the propriety of disqualification would become reviewable upon appeal under the provisions of K. S. A. 60-2103.

It should be borne in mind that a judge, with or without an affidavit being filed or request for change made, may always, on his own motion, recuse himself in a particular case.

Some further contentions presented require comment and disposition. It is argued the first affidavit filed by the attorneys is ineffective because not signed by the party. In the light of the plain language of the statute that "If either *party* to any action in a district court files an affidavit. . . ." (our emphasis), we agree and accordingly hold that the affidavit must be made by the party litigant rather than by his attorney. In this case, however, there was a later affidavit signed by the party which incorporated by reference that made by counsel, which later affidavit we believe substantially and sufficiently complies with the statute, and this despite any lack of use of the precise language contained in the statute. The difference between the wording of the statute and the party's affidavit is not of sufficient materiality to warrant nullification of the latter. The right to fair trial should not depend upon such fine distinctions.

It is further contended by defendant and in the excellent brief supplied by *amici curiae* that the affidavit filed by plaintiff herein to obtain judicial disqualification was legally insufficient because the ground for it was bias and prejudice against counsel rather than the party litigant personally. This position is not without judicial support. In an annotation found in 23 ALR 3rd 1416 entitled "Disqualification of Judge For Bias Against Counsel For Litigant", this summary appears:

"While personal prejudice on the part of a judge against a party to litigation is generally regarded as sufficient cause for a change of judge, a judge's feeling of animosity toward counsel for a litigant has not always been recognized as a ground for recusation, many courts having taken the apparent view that such bias, not directed toward the litigant himself, cannot be presumed to affect the judge's impartiality. However, the contrary view, that hostility toward an attorney may be of such degree as to be presumed to adversely affect the client's interest, has found support in a number of cases." (p. 1418.)

The view that bias or prejudice against counsel furnishes no ground for disqualification of a judge stems from ancient common law dogma that the judge having taken the oath of impartiality thereupon becomes incapable of the exercise of bias or prejudice against a litigant because of any feeling toward counsel in the case. The more modern view recognizes the possibility of human fallibility even in one seated upon the woolsack, which view seems more realistic and one more likely to sustain public confidence in the integrity of the judicial system. There is no implication in our statute that the facts and reasons for the belief that one cannot obtain a fair trial must be of any particular nature or character. The statute says nothing about whether the alleged bias or prejudice is against the party or against his attorney. That which the statute does make of concern is the *belief* of the party as to whether he can obtain a fair trial. It can scarcely be denied that prejudice against a party's attorney can be as detrimental to the interest of that party as prejudice against the party himself. The clear intent and purpose of our statute is not only to give a party a fair and impartial trial but also to give assurance that the business of the courts will be conducted in such a manner as will avoid suspicion of unfairness (see *Berger v. United States,* supra). We conclude that bias or prejudice toward an attorney may be a ground for disqualification under the statute.

Considerable ado has been raised by reason of the addition of the word "personal" during the course of the enactment of the statute. The attempt is made to relate the word to the person of the party litigant so as to limit the disqualifying prejudice to that against him. We are unable to attribute any such significance by reason of the addition of the word. It appears in the statute as an adjective modifying the nouns *bias, prejudice* or *interest,* that is, the bias, prejudice or interest *of the judge*—no more—which we have taken into account.

It is also asserted the practice employed discloses blanket disqualification of a judge, which should be prohibited as disruptive of normal judicial administration. We are told affidavits were filed by the law firm in question and its clients in approximately eighty-three cases pending in the Twentieth Judicial District. That which has been termed blanket disqualification has been condemned in *Clawans v. Waugh,* 10 N. J. Super. 605, 77 A. 2d 519 and *Ginsberg v. Holt,* 86 So. 2d 650 (Fla., 1956). However, we think

the situations presented in those cases are sufficiently different as to make the rulings announced there inapplicable. In each of those cases an attorney sought to enjoin a court from hearing any cases in the future in which the attorney might be involved. Additionally, in 1950 at the time of the New Jersey decision, which was one rendered by a special tribunal convened by the challenged district judge, that state's statute recognized only the generally accepted common law grounds as a basis for recusation: Relationship to any of the parties; prior participation as counsel for any of the parties; expression of an opinion upon a matter in question in the action; and pecuniary interest in the result of the action. Bias and prejudice were not acknowledged as sufficient to disqualify a judge, the rationale expressed in *Clawans* being the following:

"Fundamentally the reason for the establishment of this doctrine is that a judge is conscience-bound under his oath of office to do impartial justice between *parties* to litigation before him." (p. 521.)

It is interesting to note that the New Jersey Supreme Court later adopted a rule of court which provides:

"The judge of any court shall disqualify himself on his own motion and shall not sit in any matter . . . (f) when there is any other reason which might preclude a fair and unbiased hearing and judgment, *or which might reasonably lead counsel or the parties to believe so.*" (Our emphasis.) (Rules Governing The Courts of the State of New Jersey [West Publishing Co., 1971] 1:12-1, p. 31.)

In *Ginsberg* the Florida Supreme Court declined to grant the requested injunction to restrain forever the appellee judge from entertaining any case in which the appellant attorney may appear but did point out that Florida had a statute providing for disqualification of judges and "appellant may resort to it *as often as he finds it necessary.*" (p. 651.)

Here the affidavits have been separately filed in individual pending cases in which members of the Turner firm are presently employed and future blanket disqualification is nonexistent.

We have already disposed of several of the contentions asserted by defendant as to why the affidavit filed by plaintiff should be deemed legally insufficient, the principal one being that bias or prejudice against counsel for a litigant is not a basis for disqualification. There remains only the question whether the affidavit furnishes fair support or reasonable grounds, in its statement of facts and reasons, for the belief a fair trial cannot be obtained. In *Palmer v. Johnson*, 132 Kan. 161, 294 Pac. 874, this court held:

"When the ruling of a trial court turns on documentary evidence this court can examine the documents and determine their meaning and effect. . . ." (Syl. ¶ 1.)

The question of the sufficiency of the affidavit is purely one of law which we are free to determine. The affidavit is based in part upon the making of rulings adverse to the Turner law firm in cases in which they have previously appeared as well as rulings restrictive in nature, some of which have upon appeal been held by this court insufficient to warrant reversal of the judgment appealed from. It goes almost without saying that this furnishes no ground for judicial disqualification. In *Sheldon v. Board of Education,* 134 Kan. 135, 4 P. 2d 430, this court held:

"Previous adverse rulings of a trial judge, although numerous and erroneous, where they are subject to review, are not ordinarily and alone sufficient to show such bias or prejudice as would disqualify him as judge." (Syl. ¶ 3.)

Nor does the trial judge's exercise of his duty to remain in control of trial maneuvering supply such ground, no more than judicial suggestions or admonition to counsel for improvement. In *Horton v. Montgomery Ward,* 199 Kan. 245, 428 P. 2d 774, we stated:

"A judge is not to be charged with prejudice because he desires and suggests what he thinks to be improved trial procedure." (p. 248.)

However, the affidavit contains more than adverse and restrictive rulings and admonitions for improvement. Without further detailing the matter, we think it reveals sufficient in the nature of feeling engendered in prior proceedings and permitted to be carried over as to constitute fair support for the belief a fair trial could not be obtained under the particular circumstances. Again we emphasize it is the belief of the party which the statute makes of concern. Accordingly we hold that the affidavit filed by plaintiff in his own action was legally sufficient to require disqualification.

Defendant questions constitutionality of K. S. A. 20-311d on the ground its enactment violates the separation of powers' doctrine, but he raises this issue only in the event we construe the statute to provide for mandatory disqualification, which we have not done. We note, however, that, except for a single dubious precedent where other reasons for unconstitutionality were present, appellate courts have universally upheld this kind of legislation against constitutional attack upon this ground. The types of statutes we have discussed differ materially from those providing a peremptory challenge to a judge without assigning any reason or ground, which

have been held unconstitutional (see *Johnson v. Superior Court,* 50 C. 2d 693, 329 P. 2d 5). We see no constitutional impediment upon the ground suggested.

Judgment is entered for plaintiff as follows: Defendant is directed to transfer case No. 23,950 in the district court of Barton county wherein plaintiff is a litigant, to another judge, pursuant to K. S. A. 1971 Supp. 20-311d, for further proceedings on its merits. Defendant is directed to transfer other pending cases within the Twentieth Judicial District in which affidavits for disqualification have been filed, to another judge, pursuant to 20-311d, for hearing upon the legal sufficiency of the affidavits.

Judgment for plaintiff is so ordered.

APPROVED BY THE COURT.

O'CONNOR and PRAGER, JJ., not participating.

KAUL, J., (dissenting): I cannot agree with the statement shown as item No. 12 of the syllabus and therefore respectfully dissent from the holding expressed therein and from those portions of the opinion relating thereto. Also, my views concerning the holdings stated in items Nos. 7 and 8 of the syllabus differ to some extent from the corresponding expressions of the court with respect thereto. I fully agree with the other ten holdings itemized in the syllabus.

Briefly, the pertinent portions of K. S. A. 1971 Supp. 20-311d, as construed herein, require that an affidavit of disqualification must be made by a party litigant and contain facts and reasons which give fair support for the belief that on account of the bias or prejudice of the judge the affiant cannot obtain a fair trial. The statute further provides, as construed, that upon the filing of the affidavit the administrative judge shall at once transfer the action to another judge for a hearing as to the legal sufficiency of the affidavit.

The purpose of K. S. A. 1971 Supp. 20-311d is to afford either party to any action an efficient, convenient and prompt means of disqualifying a judge on any of the five grounds enumerated in subsection (*b*) upon the filing of a legally sufficient affidavit alleging any of the grounds enumerated. The test of legal sufficiency is simply whether the affidavit meets the requirements of the statute. In my view the affidavit in the instant case is insufficient because (1) it does not contain the express statements required by the

statute and (2) it is based on a ground not specified, *i. e.,* personal bias or prejudice against attorneys.

The statute requires that the party filing the affidavit state that he has *cause to believe* and *does believe* that on account of the *personal* bias, prejudice or interest of the judge he cannot obtain a fair and impartial trial. Here the affiant says he believes bias and prejudice on the part of the judge exist and that he is of the *opinion* that such would *make it difficult* for *us* to have a fair trial. The plain language of the statute clearly contemplates a positive, unequivocal belief on the part of affiant that he cannot obtain a fair trial as opposed to a mere opinion that he believes bias might make a fair trial difficult. The language requiring an affiant to state that he has *cause* to believe, and *does believe,* clearly reflects this legislative intention.

The mere opinion of a party that he cannot obtain a fair trial is not a statement of belief. Perhaps the affiant would be willing to burden the obligation of his oath by stating positively his belief and the reasons therefor that he cannot obtain a fair trial, but he has failed to do so here. The deficiency is more than a mere technicality. The purpose of the statute, which I believe to be meritorious, is to afford a party, who has a positive belief of personal bias or prejudice, an efficient and prompt means of securing the disqualification of the judge in question. To accomplish the end sought—expeditious disqualification—the allegations could not be subjected to a test for truthfulness, thus as a safeguard, the legislature carefully required that a positive statement of his personal belief and the facts and reasons therefor be imposed as a burden on the oath of the party. To require anything less would in effect make the statute operate as a peremptory disqualification. The effect of accepting as legally sufficient the affidavit filed herein is to circumvent the safeguard of exposure to a charge of prejury, which I believe the legislature intended as evidenced by the carefully worded requirements of the statute.

The affidavit in the instant case merely recites that the party has read the affidavit of his attorney and that the contents thereof have been fully explained and for that reason he believes personal bias and prejudice exists. He refrains from saying that he believes the contents of the attorney's affidavit to be true, nor does he state any facts or reasons of his own knowledge which would support a personal belief of bias or prejudice. The allegations do not relate to a personal bias against the affiant.

The facts and reasons necessary to support a belief of bias and prejudice on the part of a judge have been considered in hundreds of cases dealing with the subject. This general statement, which seems to be a consensus of judicial opinion on the subject, appears in 48 C. J. S., Judges, § 82:

"Bias or prejudice of a judge, to disqualify him, must be an actual bias of a character calculated to sway his judgment seriously. Generally it must be directed against a party to the cause, rather than against the cause itself, and must arise other than from the judicial proceedings before him.

"It is actual existence of prejudice on the part of a judge, *not the mere apprehension* of it by a party which disqualifies. Further, the disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity. . . ." (pp. 1058, 1059.) (Emphasis supplied.)

In the early case of *City of Emporia v. Volmer*, 12 Kan. * 622, Justice Brewer put it succinctly:

". . . It is not sufficient that a *prima facie* case only be shown,—such a case as would require the sustaining of a challenge to a juror. It must be strong enough to overthrow the presumption in favor of the trial judge's integrity, and the clearness of his presumptions. . . ." (p. * 627.)

I believe what has been said fully demonstrates that the affidavit herein is legally insufficient when measured by the requirements of the statute, and this holds true even though the attorney's affidavit is vicariously implanted therein. There is nothing recited in the attorney's affidavit that supports a claim of personal prejudice against the party. It merely recites a series of adverse rulings and in-court statements by the judge which are claimed to support a belief of bias and prejudice against the attorney. There is no mention of any out-of-court statements or actions of the judge that would indicate antipathy toward either the party or his attorneys.

As stated in the opinion for the court, K. S. A. 1971 Supp. 20-311d expressly requires the affidavit to be filed by the party. There is no reference in the statute to bias or prejudice against the attorney, and it should be noted the affiant makes no positive statement that the bias or prejudice purportedly shown by the attorney's affidavit is of such a degree that it would operate to establish a personal bias or prejudice against the party-affiant. Whether to include bias or prejudice against an attorney together with personal bias or prejudice against a party was a matter of legislative choice. Some legislatures have done so, *i. e.*, Minn. St. Anno., § 542.16,

others have not, *i. e.,* Ariz. Rev. St. Anno., § 12-409 (A). The Kansas legislature elected not to include personal bias or prejudice against an attorney as a ground for invoking the special procedure provided by 20-311d. The wisdom of the choice is not for our consideration. In a comprehensive statistical survey and discussion of statutes dealing with the subject in Vol. 48 Oregon Law Review, commencing at page 311, the staff at page 404 recognized the matter of legislative choice and recommended that bias against a party's attorney be included in the contemplated Oregon statute:

"Two related questions will be discussed together here. The first is whether the prejudice which may be alleged as a ground of disqualification should be limited to bias against the *party,* only *as is often the case,* or whether it should also include bias against a party's *attorney.* The staff recommends that a statute include provisions for the latter. . . ." (Emphasis supplied.)

It is of interest to note that while the Arizona statute does not include attorneys, it has been construed so as to permit an attorney to file an affidavit of bias and prejudice on behalf of a client (*Consolidated Carpet Corporation v. Superior Court,* 13 Ariz. App. 429, 477 P. 2d 548), but bias and prejudice against an attorney has been held to be insufficient as a ground for disqualification under the Arizona statute. (*Liston v. Butler,* 4 Ariz. App. 460, 421 P. 2d 542.)

There is respectable authority for the proposition that bias and prejudice against an attorney in the absence of bias directed against the litigant himself is not a ground for disqualification of a judge, in fact the federal courts, and what appears to be a numerical majority of state courts, adhere to this view. (23 A. L. R. 3d, Anno., p. 1416.) Generally in cases in which bias toward an attorney is recognized, it must be shown to be of such degree as to adversely affect the client. (23 A. L. R. 3d, Anno., [b], [c], pp. 1423-1426, incl.)

The exercise of legislative choice in the matter is demonstrated in Kansas by the fact that attorneys were expressly included in providing for disqualification of judges on the ground of relationship (K. S. A. 20-311).

Since the legislature has exercised its choice, I believe, whether desirable or not, it would be presumptuous to add bias and prejudice against an attorney to the grounds for disqualification, which are specifically expressed and enumerated in K. S. A. 1971 Supp. 20-311d.

My views of the scope of 20-311d are not intended to project the

idea that a judge should never be subject to disqualification if he refuses to recuse himself after a showing of personal bias and prejudice against an attorney to such a degree as to be presumed to adversely affect the client's interest. Such bias to be relied on as a ground for disqualification should be shown to be of the character of genuine antipathy or of such character as to rob the court of the degree of impartiality required by law. (*State v. Himes,* 160 Fla. 757, 36 So. 2d 433, 23 A. L. R. 3d, Anno., pp. 1416-1426 [b] and [c].) The legislature simply did not see fit to afford the expedient procedure of 20-311d as a remedy for this circumstance.

I do not read K. S. A. 20-311 and K. S. A. 1971 Supp. 20-311d as indicating total legislative preemption in the area of specifying grounds and establishing procedures for the disqualification of judges. This court has the inherent authority and the responsibility of securing a fair trial for all citizens of this state, regardless whether a method or ground is legislatively prescribed. Appellate review or an original proceeding such as the instant action are always available to secure that end. If impelling reasons appear for the disqualification of a judge to afford a fair trial, this court is not without a remedy whether legislatively prescribed or not. (See *In re Estate of Hupp,* 178 Kan. 672, 291 P. 2d 428, and cases cited therein.) The extraordinary remedy provided by 20-311d is available only when grounds specified under subsection (*b*) are alleged in compliance with the express provisions thereof.

Technically the record does not reveal "blanket disqualification" in all future actions in which petitioner's attorneys might appeal. However, the instant action is brought in the nature of a class action and the relief prayed for is the restraint of defendant from participating in any of the more than eighty cases involved. Although the decision herein will not operate on future cases filed by the attorneys in question, the approval of the affidavit herein has the practical effect of a "blanket disqualification." A discussion of the principles involved and the valid reasons for refusing to recognize "blanket disqualifications" may be found in the cases of *Ginsberg v. Holt,* 86 So. 2d 650 (Fla., 1956); and *Clawans v. Waugh,* 10 N. J. Super. 605, 77 A. 2d 519. See, also, 23 A. L. R. 3d, Anno., p. 1426.

The statute does not provide for "blanket disqualification" in all cases in which a party might appear. Attorneys are not even mentioned. The impact upon the district court system of this State will

be far reaching if affidavits such as that filed herein are permitted to work what is in effect a "blanket disqualification" in all cases in which an attorney might appear. There is fair reason to believe that this would create havoc in a two-judge judicial district and chaos in a one-judge district.

The legislature recognized the need for an expedient disqualification procedure, but at the same time was fully aware of the far reaching impact upon judicial administration in this state that might be brought about by the enactment of a loosely worded statute readily subject to application far beyond its intended scope. The result was an expedient, efficient procedure limited in application to one or more of the specific grounds enumerated, alleged under oath in terms expressly required by the statute.

For the reasons stated I find the affidavit herein legally insufficient to bring about a disqualification of defendant under the provisions of K. S. A. 1971 Supp. 20-311d.