No. 49,713

CITY OF NEODESHA, KANSAS, *Appellee,* v. HARLYN PERRY KNIGHT, II, *Appellant.*

(601 P.2d 669)

Opinion filed October 27, 1979.

*Harlyn Perry Knight, II,* pro se, argued the cause and was on the brief for the appellant.

*Albert Poznik,* city attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a lower court order dismissing the appeal of Harlyn Perry Knight II (defendant-appellant) from a conviction and fine in the Municipal Court of Neodesha, Kansas, for violation of Ordinance No. 15-204, careless driving.

The appellant contends the trial court erred in failing to transfer an affidavit of prejudice to another district judge.

On October 18, 1977, the appellant was ticketed by Harry Bisnet, a Neodesha, Kansas, police officer, for careless driving of a motorcycle in violation of Neodesha Ordinance No. 15-204. After a hearing in Neodesha Municipal Court on November 2, 1977, the appellant was found guilty and fined $15.

The appellant appealed to the Wilson County District Court pursuant to K.S.A. 1978 Supp. 22-3609, requesting a trial by jury. On December 5, 1977, the appellant filed an affidavit of prejudice (K.S.A. 1978 Supp. 20-311d) against the Honorable George W. Donaldson, judge of the Eleventh Judicial District, division 4. The sworn affidavit alleged generally that all judges of the Elev-

enth Judicial District, excepting Judge David Scott of Montgomery County, were prejudiced against the appellant. More specifically, the affidavit alleged that Judge Donaldson was prejudiced because of an alleged criminal conspiracy; prior judicial involvement with the appellant's uncle, the Reverend Harold Knight; and because of senility and a hostile attitude toward members of the appellant's family.

On December 6, 1977, Judge Donaldson ruled that the affidavit of prejudice was legally insufficient, in that it failed to state facts constituting prejudice against the appellant; and further, that he as judge did not know the appellant. Judge Donaldson's order required that the requested jury trial remain set for December 15, 1977.

The appellant, on December 13, 1977, filed a motion entitled "Motion For Delay of Trial By Jury Until Interlockatory [*sic*] Appeal of Judges Order, Dated December 6, 1977, Can Be Ruled Upon By The Kansas Supreme Court." The appellant alleged in his motion that the trial court had abused its power in ruling on the affidavit of prejudice; that the appellant intended to file an interlocutory appeal with the Kansas Supreme Court within ten days; and further attacked the trial court's ruling on the affidavit of prejudice. In addition, the appellant filed a second affidavit of prejudice on December 13, 1977. The second affidavit further elaborated on Judge Donaldson's alleged prejudice, incorporating the December 6, 1977, ruling as additional grounds.

On December 15, 1977, the appellant failed to appear for his trial. The trial court dismissed the appeal, and ordered forfeiture of the appellant's $50 appeal bond.

The appellant filed a notice of appeal to the Kansas Supreme Court on December 16, 1977. A second notice of appeal was filed January 12, 1978.

The Municipal Judge of the City of Neodesha issued a bench warrant for the appellant on January 4, 1978. The warrant required the appellant to pay the $15 fine plus $5 court costs, because the appellant's appeal had been dismissed. The bench warrant instructed that the appellant's failure to pay the fine and costs would result in his being taken to the Wilson County jail in Fredonia, Kansas. The record reflects the appellant paid the $20 the same day.

The appellant's sole contention on appeal is that the trial court

erred in failing to transfer the affidavit of prejudice to another judge to determine its legal sufficiency.

Kansas Statutes Annotated 1978 Supp. 20-311d provides in pertinent part:

"(a) If either party or either party's attorney to any action in a district court files an affidavit alleging any of the grounds specified in subsection (b), the administrative judge shall at once transfer the action to another judge of the district court in the judicial district. . . .

"(b) Grounds which may be alleged as provided in subsection (a) for change of judge are:

. . . .

"(5) That the party filing the affidavit has cause to believe and does believe that on account of the personal bias, prejudice, or interest of the judge such party cannot obtain a fair and impartial trial or fair and impartial enforcement of post judgment remedies. Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists."

The procedure to be followed by the trial court upon receipt of an affidavit of prejudice was outlined in *Hulme v. Woleslagel,* 208 Kan. 385, 393, 493 P.2d 541 (1972), wherein we stated:

"Transfer to another judge is the statute's first command and we believe the legislature intended by the use of such imperative that transfer is to be automatic upon filing of an affidavit."

See *Oswald v. State,* 221 Kan. 625, 629, 561 P.2d 838 (1977).

The trial court erred in failing to transfer the affidavit of prejudice to another judge for a determination of its legal sufficiency.

Judge Donaldson retired from the bench while this appeal was pending, therefore the issue of his alleged bias and prejudice against the appellant is moot. However, we note that appellant's affidavit of prejudice challenges all judges of the Eleventh Judicial District. On remand, the trial shall be conducted before a judge from another district, to be assigned by the Departmental Justice.

The judgment of the lower court dismissing the action is reversed and the case is remanded for a trial on the merits. The order of the trial court forfeiting the appellant's appeal bond is vacated, and the trial court is directed to reinstate the appeal bond.

FROMME, J., not participating.