NOT DESIGNATED FOR PUBLICATION

No. 117,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD GRISSOM,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed August 11, 2017.
Affirmed.

*Martin J. Keenan*, of McDonald Tinker PA, of Wichita, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  Richard Grissom, Jr., appeals the summary dismissal of his disciplinary action for being "unduly familiar with a corrections officer." The record reveals Grissom's participation in the misconduct since he prepared the letter and delivered it to the female corrections officer. Summary dismissal was proper. We affirm.

FACTS

On October 5, 2015, Grissom handed a note containing sexually explicit language to a female corrections officer at the El Dorado Correctional Facility (EDCF). He was

1

charged with a disciplinary violation for undue familiarity with a corrections officer pursuant to K.A.R. 44-12-328. At the disciplinary hearing, Grissom acknowledged he wrote the letter but claimed he did so at the request of the officer. The officer denied requesting the letter. Prior to the hearing, Grissom prepared a statement and request for witnesses. It is unclear whether the hearing officer considered the statement or allowed the witnesses to testify. Grissom was found guilty, sentenced to 30 days of administrative segregation, and fined $20.

Grissom timely appealed to the Secretary of Corrections who upheld his conviction. Grissom timely filed a petition for writ of habeas corpus pursuant to K.S.A. 2016 Supp. 60-1501. Since the record was silent as to Grissom's requests for witnesses, James Heimgartner (the Warden) requested the matter be remanded for a new hearing to allow the hearing officer to consider whether to permit the witnesses and make a clear record. The district court granted the Warden's request.

A new disciplinary hearing was set for September 12, 2016, which Grissom received notice of on September 9, 2016. He submitted the names of three witnesses and requested video footage of the incident; however, the video had not been preserved. The hearing officer granted Grissom's request to call one of the witnesses but denied the other two as their testimony would be duplicative. After considering the witness' testimony, the hearing officer found Grissom guilty. The Warden submitted the hearing results to the district court for consideration. On November 10, 2016, the district court summarily dismissed Grissom's 1501 petition. Grissom timely appealed.

ANALYSIS

Grissom argues the district court erred in summarily dismissing his 1501 petition. To state a claim for relief under K.S.A. 2016 Supp. 60-1501, a petition must allege

2

"shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson*, 289 Kan. at 648-49.

See K.S.A. 2016 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Grissom argues both disciplinary hearings violated his due process rights because he did not have the materials needed to prepare his defense. In a disciplinary violation, due process requires the prisoner receive adequate notice, an impartial hearing, the opportunity to present witnesses and evidence, and a written statement from the hearing officer as to the findings and reasons for the decision. *Swafford v. McKune*, 46 Kan. App. 2d 325, 329, 263 P.3d 791 (2011) (*Swafford II*).

Grissom's argument as to the first disciplinary hearing is moot because the matter was remanded for a new hearing and the district court's decision was based on the results of the second hearing. See *Swafford v. McKune*, No. 93,308, 2005 WL 1619795, at *1 (Kan. App. 2005) (unpublished opinion) (*Swafford I*) (defect in earlier proceeding rendered moot after subsequent hearing on remand). As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

As to the second hearing, Grissom contends he was unable to prepare his defense because prison officials took his paperwork relating to the incident. However, it is unclear what paperwork was taken, what it contained, and how, if at all, it would have been relevant. The paperwork is not in the record on appeal and Grissom has failed to

proffer or explain its contents or relevance. Accordingly, he has failed to furnish a sufficient record and failed to explain the point. Under Kansas Supreme Court Rule 6.02(a)(1)(B), (4), and (5) (2017 Kan. S. Ct. R. 34), the appellant has the burden to furnish a sufficient record to support his claims of error, and the appellant's claims of error must be supported with specific citations to record on appeal. Without proper citation to the record on appeal, the appellate court presumes the action of the trial court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). A point raised incidentally in a brief and not argued therein is deemed waived and abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Grissom has not properly briefed the issue and has failed to demonstrate a due process violation.

Grissom further argues he was denied due process because he did not have access to security video of the incident. In support of his argument, he cites to *Ramirez v. Nietzel*, 424 S.W.3d 911 (Ky. 2014). His reliance on *Ramirez* is misplaced. In *Ramirez*, a hearing officer did not allow Ramirez to view video of the incident and refused to review it herself. The *Ramirez* court held there may be legitimate security reasons for not allowing the inmate to have access to security video but the hearing officer should conduct an in camera review if the inmate requests it. 424 S.W.3d at 919-20. Here, the video was not preserved; therefore, it was unavailable for either Grissom or the hearing officer to review. *Ramirez* is highly distinguishable and fails to support Grissom's argument.

Even if the video had been preserved, based on Grissom's right to limited due process at the disciplinary hearing, he would not have been entitled to view it. See *Norwood v. Roberts*, 53 Kan. App. 2d 772, Syl. ¶ 3, 393 P.3d 169 (2017); *Swafford II*, 46 Kan. App. 2d at 331 (holding that due process does not require that prison security videos be made available to inmates who are subjects of prison disciplinary proceedings); *Kling v. Cline*, No. 113,519, 2015 WL 7192052, at *4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1017 (2016); *Requena v. Cline*, No. 108,114, 2013 WL 646497, at

4

*4 (Kan. App. 2013) (unpublished opinion); *Hopson v. Roberts*, No. 107,670, 2012 WL 4795651, at *2 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1130 (2013).

Additionally, Grissom asserts his substantive due process rights were violated because he was not allowed to present evidence of the correction officer's complicity. He argues that not taking the officer's actions into account makes undue familiarity a strict liability offense and is a "fundamentally unfair" standard. He is incorrect. He was allowed to present evidence of the officer's complicity through the witness he called at the second disciplinary hearing, which the hearing officer considered when rendering the decision. Further, the district court never used the term strict liability, nor does its ruling reflect such a construction. It found, viewing the evidence in a light most favorable to Grissom, the act was, at best, mutually consensual. In other words, even if the officer initiated the contact or requested the note, she did not force Grissom to do so. The district court correctly interpreted K.A.R. 44-12-328 and found Grissom violated the regulation by participating in the activity, regardless of who initiated it.

K.A.R. 44-12-328(a) states, in relevant part:

> "No inmate shall solicit, encourage, establish, *or participate* in any type of personal relationship with any staff member, contract personnel, volunteer, or employee of any other organization in charge of the inmate. A personal relationship shall be defined as any relationship involving unnecessary familiarity by the inmate toward any such individual." (Emphasis added.)

Interpretation of a statute or an administrative regulation is a question of law over which this court exercises unlimited review. *In re Tax Appeal of LaFarge Midwest*, 293 Kan. 1039, 1043, 271 P.3d 732 (2012).

5

"""When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent. [Citation omitted.]"' *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015)." *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

We apply common rules of English grammar when interpreting a statute. See *Cady v. Schroll*, 298 Kan. 731, 739, 317 P.3d 90 (2014).

As used in K.A.R. 44-12-328(a), the words solicit, encourage, establish, and participate all refer to a personal relationship with a staff member. The plain language of K.A.R. 44-12-328(a) makes it clear an inmate shall not solicit, encourage, establish, *or participate in* a personal relationship with any staff member. Thus, any of the four actions constitutes a violation. See *Hulme v. Woleslagel*, 208 Kan. 385, 390, 395, 493 P.2d 541 (1972) (in statute requiring change of judge for personal bias, prejudice, or interest of the judge, the word "personal" appeared "as an adjective modifying the nouns bias, prejudice, or interest"); accord *State v. Toliver*, 306 Kan. 146, 151-52, 392 P.3d 119 (2017). Accordingly, even if the officer was complicit in soliciting, encouraging, or establishing the relationship, Grissom would be liable because he *participated* by writing and delivering the note.

Grissom argues the officer's alleged sexual advances should be taken into account as a matter of policy due to various cases in which inmates "have been raped or sexually abused" by prison staff. While there may be instances in which prison officials abuse prisoners, that is not what occurred here. The district court found the act was, at best, mutually consensual and Grissom has not rebutted this finding. Moreover, the officer's alleged complicity is not an uncontroverted fact in the record. Grissom claims his actions

were in response to the officer's sexual advances; however, the officer clearly denied the allegations at the initial disciplinary hearing. The hearing officer heard the evidence and made factual findings and credibility determinations. This court cannot reweigh the evidence or make credibility determinations. See *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014). The officer's alleged involvement has no bearing on the issue. The district court did not err in summarily dismissing Grissom's K.S.A. 2016 Supp. 60-1501 petition.

Affirmed.