**STATE OF FLORIDA, EX REL. MANUEL FUENTE, HARRY CHURCH, CARL MORGAN and R. L. LONG, v. JOHN R. HIMES, as Judge of the Criminal Court of Record of Hillsborough County, Florida.**

36 So. (2nd) 433                                    June Term, 1948
July 30, 1948                                         Division B

*Hardee & Bucklew, Cyrus W. Fields and W. Marion Hendry,* for petitioners.

*John R. Himes,* in proper person, for respondent.

ADAMS, J.:

Petitioners seek a writ of prohibition against the respondent alleging disqualification to preside in a case wherein petitioners stand charged with a crime of operating a gambling house. Suggestion was made and denied by respondent as Judge of the Criminal Court of Record where the case was pending.

The basis of disqualification relates to statements made by respondent in political campaigns in 1936 and 1940 and an incident which took place in open court on June 7, 1948.

As to the disqualification by reason of statements made in 1936 and 1940, we hold against petitioner. This ground of disqualification, if any it was, was not presented within the time provided by law and for that reason we will not hold respondent in error.

The second ground of disqualification relates to a colloquy occurring in open court when it became necessary to grant the state a postponement and reset the case for trial on a later date.

Mr. Fisher is the prosecuting attorney and Mr. Hardee is the defense attorney. Excerpts from the record show:

"BY MR. FISHER: I have to report that the main witness, is not present, your Honor. He has not been served. That is the witness Dinning. The State cannot go to trial without his presence, as the Court well knows.

"BY THE COURT: Are the subpoena witnesses here?

"BY MR. FISHER: I asked for it yesterday. I phoned the sheriff's office and left word that I wanted it here this morning.

"BY THE COURT: Could we have all the witness subpoenas, Mr. Broaddus?

"BY MR. HARDEE: Your Honor, wouldn't it save time if the Solicitor called his witnesses' names while we are waiting on this?

"BY THE COURT: I would like to see the witness subpoenas first.

"BY MR. FISHER: I left word at the sheriff's office yesterday afternoon I wanted the return and deputy.

"BY THE COURT: Let's get him up here.

"BY MR. HARDEE: I don't believe I caught what your Honor said.

"BY THE COURT: We are going to get the deputy sheriff up here who made the return.

"MR. HARDEE: Who is that?

"MR. FISHER: Williams, I think is his name. I don't know him.

"THE COURT: Jack, call the other witnesses and see if they are here." . . .

"THE COURT: Who are the two not here besides Dinning?" . . .

"THE COURT: I would like to have them over here. Mr. Hardee, how about the defendants? Are they all here?

"MR. HARDEE: Yes, sir. Will the defendants come up, please.

"THE COURT: Mr. Fisher, do you know anything else about this witness?

"MR. FISHER: No, sir, except I made a search for him myself, yesterday, I couldn't find him.

"MR. HARDEE: Counsel for defendant is somewhat in the dark on what's been going on, your Honor. I would like your Honor to brief us and let us know. Evidently something has been going on that counsel have not been informed of and and I think that we should have the knowledge that the prosecution has and the Judge has.

"THE COURT: No secrets, Mr. Hardee. Just have a seat and you will have a chance to say anything you like.

"BY MR. HARDEE: Something is going on we don't know anything about.

"THE COURT: Just have a seat.

MR. HARDEE: Don't you think if your Honor knows something that is going on, that we should know it, too?

"THE COURT: Just have a seat.

"MR. HARDEE: I think we should be informed of anything the Court knows about, because we don't have an ex parte hearing.

"THE COURT: This witness, I understand, is a police officer of the City of Tampa?

"MR. FISHER: Yes, sir.

"THE COURT: Well, all I know about it is, Mr. Fisher and Mr. McEwen notified me that this witness hadn't been served. That's all I know about it, but I want to find out something more about it. Chief Eddings?

"CHIEF EDDINGS: Yes, sir.

"MR. HARDEE: Are the proceedings that might go on now, would they be such as to prejudice the jurors?

"THE COURT: I don't think so.

"MR. HARDEE: I would like to make the request the prospective jurors go out of the court room, say five or ten minutes, however long it will take.

"THE COURT: I don't think that is necessary. Chief, what do you know about this?

"CHIEF EDDINGS: About what, your Honor?

"THE COURT: About this witness, Dinning, who is not here." ...

"THE COURT: Just a minute please, Chief, This witness subpoena was issued on May 31, shows that it was received by the Sheriff's office on the same day. Do you know why he wasn't served before he left?

"CHIEF EDDINGS: No, sir, I do not. I received my subpoena some time Thursday. I don't know when the subpoenas were issued or when they were delivered to the sheriff's office, or when it was served to the sheriff's office. All I know I can speak for myself, I was served Thursday.

"THE COURT: Do you know where the witness is?" ...

"THE COURT: When is he due back?

"CHIEF EDDINGS: He is due back Tuesday or Wednesday, next Wednesday morning, I believe it is. This next, coming. He is due back this week sometime, Thursday or Friday. Ten days from the 2nd, that would be the 13th, The 2nd on Wednesday, but he had ten days including that day; due back the 12th. What day is the 12th?

"THE CLERK: Ten, would be on the 11th.

"CHIEF EDDINGS: But he had ten days.

"THE CLERK: June 12th would be on Saturday this week.

"CHIEF EDDINGS: That is the day he is due back, eight o'clock Saturday morning.

"THE COURT: All right. Thank you. Anything else, Mr. Fisher you wish to say?

"MR. FISHER: I don't believe so.

"THE COURT: Now, Mr. Hardee, anything you want to say, you may. To answer your question, they said this witness hadn't been served. I said we would go into it this morning. If there is anything you would like to say, I would be glad to hear you.

"MR. HARDEE: Is there anything before the Court?

"THE COURT: There is a motion before the Court for a continuance.

"MR. HARDEE: We would like for them to come within the rule and show why this is necessary, and if they should file a written motion for continuance and come within the rule, just like your Honor would require us to do, we most assuredly would not be willing for a continuance under any circumstances because as your Honor knows, each of us has had reason for a continuance and I have asked your Honor for a continuance for my own personal reasons and your Honor said you couldn't do it, that you would have to try the case this morning. I made arrangements to change all my business so I could be here today. Mr. Fields made his so he could be here today. Judge Hendry came back from Nashville so he could be here today.

"THE COURT: Well, the only request that was made on behalf of the defense was that the lawyers wanted to take a vacation. Of course that is different from where a witness is absent.

"MR. HARDEE: I can see, if your Honor please, where a lawyer makes his plans and gets reservations for different hotels and things two or three months ahead and he has to go on a certain time or he can't go, that that is kind of important because you can't change reservations and things like that. Judge Hendry had a special reason to be in Nashville today. He went up there for his boy's school. He had some things he had to transact and he came back on purpose, last night,

to be here. As your Honor knows, Mr. Fields is going, made his arrangements to be here today, and he is going to Athens, Georgia, tomorrow, and he says he has told your Honor. Your Honor knows about that. Unless there is some more showing, I don't think the case should be continued on that alone.

"THE COURT: Well, we tried this case once before and, of course this witness testified, so the Court has knowledge of what his testimony was, even if I don't remember all of it. No doubt about his being absent, no doubt about the fact that the State had a witness subpoena issued and turned over to the Sheriff for service. Now, it may be that technically under the Statute the State should file a written motion, but they can do that during the day. This case has been pending some time; filed October 15th, and continued once because either I was sick or one of the defendants, I have forgotten which. It was tried on March 22nd and resulted in a mistrial, and was set again for today. Now, I want this case disposed of. I don't see how we can try it today. What is the date the next trials are set?

"MR. FISHER: June 28th is the next week we try cases.

"MR. HARDEE: If your Honor is thinking of continuing this case for resetting, we would like to be heard on the re-setting.

"THE COURT: I will hear you right now.

"MR. HARDEE: Has your Honor made up your mind to continue the case, first?

"THE COURT: Yes.

"MR. HARDEE: If your Honor continues it, when do you plan to try it?

"THE COURT: Well, I will hear you first.

"MR. HARDEE: I heard your Honor say something about the 28th of June.

"THE COURT: That's the next week we have Court.

"MR. HARDEE: The 28th of June, I have reservations for Yellowstone Park. The 30th day of that month I go to Sun Valley for a convention I have to be at, but I will be there until the 4th of July. Reservations and plans have been made for that for months. It is just as impossible for me to change

that convention or to change those reservations on that date as it is for me to fly to the Great Beyond. I could no more be here, I could not be here at all. I would have to give up my representation of this case and forget it. If your Honor has any doubt about that, I will call up my secretary and have her bring the confirmed reservations over here for that time, which you have to take months in advance or you can't make them.

"MR. McEWEN: If your Honor please, I know that is a fact because I happen to know the convention Mr. Hardee is attending.

"MR. HARDEE: I will not be back here until July 26. If your Honor is going to reset the case, I would like to set it for August.

"THE COURT: Well, we are not going to do that. I will try to accommodate you as far as possible. How about June 21st?

"MR. HARDEE: No, sir, I can't do it. I am leaving here on June 21st.

"THE COURT: Well—

"MR. HARDEE: It is absolutely impossible.

"THE COURT: I am willing to hold a special week of Court on June—when did you say he would be back, Chief?

"CHIEF EDDINGS: June 12th.

"MR. HARDEE; My entire program is full from the time I leave here. I have cases set every week day after today and so has Mr. Fields. We have all got that, all arranged. Lawyers like we are, have more than two or three cases, have to make plans in advance. We have got them all set. It is just impossible for me to try this case before I leave here. I couldn't do it if my life depended on it.

"THE COURT: Well, Mr. Hardee, you are just going to have to work it in some way because I am not going to continue this case beyond June. Now, if you are leaving here on the 21st—

"MR. HARDEE: May I ask your Honor why this case seems more important to your Honor than any other case in this Court?

"THE COURT: Mr. Hardee, when a lawyer starts to cross-examine me, it is time for me to cut him off and I will ask you not to attempt to ask me any more questions along that line.

"MR. HARDEE: Isn't it proper for a lawyer to ask a judge a question about a case if the judge seems interested? Don't you think that is proper?

"THE COURT: Mr. Hardee, we are going to try this case during the week of the 14th of June. You can pick your days.

"MR. HARDEE: Not one of us can try it. Every one of us are busy that day. It is just absolutely impossible to try it that day.

"THE COURT: We are going to try it during that week. Do you have any preference during that week?

"MR. HARDEE: Yes, sir, I want to try it late enough to where I can be in the Supreme Court of the State of Florida that Monday morning, because I don't think your Honor will try this case after I get to the Supreme Court with this case. I say to your Honor now, it is with regret that I ever say that a Court should be disqualified. I think your Honor should recluse yourself in this case. What your Honor has said in this case proves to me your Honor has made your mind up and you are prejudiced. You ought to voluntarily recluse yourself and not cause us to file a petition in this case. I regret to ever petition a Court to disqualify himself. I haven't done it in a long time, but when your Honor has taken the attitude you have and made certain comments I can tell your Honor I know about, it proves to me conclusively your Honor is prejudiced. There are other judges in this State, many judges, who are not prejudiced, know nothing about this case, and I should be satisfied to try this before any of them. I don't know who it is, whether it be the judge from Pensacola or whether it be the judge from Key West, it makes no difference. I have a very kindly feeling toward your Honor as your Honor knows. I have always felt very kindly towards your Honor, and I hate to say this, but I think your Honor should voluntarily recluse himself in this case.

"THE COURT: I want you to have a chance to say all you want to say, Mr. Hardee.

"MR. HARDEE: That is all I have to say now.

"THE COURT: Are you through now?

"MR. HARDEE: Yes, sir.

"THE COURT: I don't intend to get into any argument with you, Mr. Hardee. You can file any motions, writs, appeals, anything you want to file. But since you have made the statement you made, all I want to say is that it has not been a month since you came into my office and asked me if I were not going on a vacation soon, so you could come over and plead these defendants guilty and get them off with a fine.

"MR. HARDEE: Or try it.

"THE COURT: I told you I was not going on a vacation and I am not going on one either. Now, about this case; since you say you have no preference—

"MR. HARDEE: I do have a preference. As I say, I want to have that Monday open because I would like to, if you are going to set the case again, I will change my plans and set it for June 21st, which I don't agree to, but that is better than any other date, because that will give me time to file my motion.

"MR. FIELDS: June 21st? Your Honor knows that I spoke to the Court thirty days ago, explained to the Court that I wanted to leave on the 20th for New York and be back here on the 25th. I made reservations, hotel reservations, have fight tickets, I am attending to other business. I made that reservation thirty days ago, and I certainly, by reason of the fact that the State here hasn't got a witness, I don't think that because their witness has not showed up that it certainly should not interfere with our convenience, which I have been here every day this year to try my cases, every day that they have been set I have been here. I have my friends up there that I have made appointments with, want to see.

"MR. HARDEE: You wouldn't be willing, your Honor, to try this after July? I will push my trip up and come back ahead of time if you will. I am supposed to be back by the 25th, but I will come back by the 20th.

"THE COURT: I am going to set this case for trial on Wednesday, June 16th, 1948, at 9:30 a. m. I will request the

defendants to be back in Court at that time without any notice. I will ask the Clerk to swear these witnesses over here so that they may be recognized." . . .

"MR. HARDEE: We have a motion to make.

"THE COURT: Just a moment, Mr. Hardee. Now, I will ask the Clerk to issue a witness subpoena for this witness, Dinning. Make that witness subpoena returnable to the trial date, that is, Wednesday, June 16th, 1948, at 9:30 a. m. Now, Mr. Broaddus, I will ask the sheriff's office, to give us a return either served or not served, on that witness subpoena Monday morning, June 14th, 1948, by 9:30 in the morning.

"MR. BROADDUS: Yes, sir.

"THE COURT: Now, if this witness returns and is served, there will be no reason for me to believe that he won't be here two days later. However, if Mr. Fisher wants to apply to put him under bond, I will consider such application if and when it is filed. Now, if that witness subpoena is not served on Monday morning, June 14th, there certainly will be some reason to believe he is not coming back. So if the witness subpoena is not served, I will ask the Clerk, on June 14th, to issue a warrant for the witness instanter. Now, if the witness is not served and it appears he is not coming back, the State can't get him back, I don't see where the State could be entitled to further continuance. But the State, if it wants to go ahead with the case under those circumstances, would have the right, as I understand it, if a witness is dead or out of the State, to use the testimony he gave on the former trial, but it would have to appear that the witness was outside of the State of Florida. Furthermore, I will request the Clerk to send that warrant to every sheriff in the State of Florida. I will ask the sheriff if he will use every means at his disposal to serve the warrant. I will ask the court reporter to write up the testimony of the former trial, so that if the State should go ahead with the case, that testimony will be ready. As to this missing witness I cannot presume that anybody has sent him away. All that appears is that his absence is not intentional, regardless of what any evidence might show as to carelessness. However, the circumstances of the witness subpoena being issued on May 31st, and the witness leaving on June 2nd are unusual.

I will ask Mr. Fisher, if he sees fit, to conduct such investigation as he might deem appropriate to determine any basis for a charge that this witness has been forced to absent himself. If he finds that there is any evidence to sustain that, then he can take such action as he might deem proper.

"Now, in reply to Mr. Hardee, I have learned to take a lot on this bench. I will take that without ruling you for contempt, but I will say that the Court reprimands you and deems your conduct unworthy of a member of the bar, what you said this morning and the manner in which you said it, but this Court is big enough to take it.

"Now, you can file any motions you like, any writ or appeal, motion to disqualify me or anything you wish to file. I can truthfully say, whether you agree with it or not, that during the eleven years I have sat on this bench, I don't believe I have ever failed or been incapable of giving any person a fair trial. I have no prejudice against these defendants, and I am sure I can give them as fair a trial as I have ever given any defendant, or as they can get before any other judge. If the Supreme Court says otherwise, I will follow their mandate. . . . "

Our statute, Sec. 38.10, Fla. Stat., 1941, F.S.A., relating to disqualification of judges on the ground of prejudice refers to prejudice to the client and not his lawyer. We have held that in certain instances the prejudice against the lawyer might be of such character and degree as to rob the court of that degree of impartiality required by law. See State ex rel. v. Parks, 141 Fla. 516, 194 So. 613. The question is whether this is such a case.

From what we have quoted it appears that Mr. Hardee had the kindest of feeling for Judge Himes. Judge Himes exhibited no ill feeling or discourtesy to Mr. Hardee until it became apparent the court would not postpone the case until after Mr. Hardee's vacation and Mr. Hardee asked why the Judge showed an undue interest in the case. The implication was clear and unmistakable. It was an affront to the court if spoken in an ordinary manner. Judging from the Judge's reply the question was provocative in nature. A lawyer can-

not disagree with the court and deliberately provoke an incident rendering the court disqualified to proceed further.

We hold the petition insufficient and deny the writ.

So ordered.

THOMAS, C. J., BARNS and HOBSON, JJ., concur.