86 So.2d 650 (1956)
Daniel L. GINSBERG, Appellant,
v.
George E. HOLT, Appellee.
Supreme Court of Florida. Special Division B.
April 4, 1956.
Daniel L. Ginsberg, Miami, pro se.
No appearance for appellee.
THOMAS, Justice.
The appellant, a member of the bar practicing in the Eleventh Circuit, represented in his complaint that the appellee was so prejudiced against him that no client of the appellant could get a fair and impartial trial at the hands of appellee. The appellant alleged that in two cases the appellee had voluntarily recused himself because of such prejudice against the appellant; that in a third case the appellee had recused himself on motion of the appellant; and that in subsequent cases the appellee had declined to disqualify himself.
The appellant contends that if the appellee continues to entertain cases in which the appellant appears as attorney, the work of the Supreme Court will become more burdensome because all such controversies will "of necessity" be brought here for review. It is insinuated in the complaint that the appellee has spoken disparagingly of this court, and, by innuendo, charged that the appellant cannot receive a fair trial from the appellee because he does not accept and enforce the decisions of this court.
The rest of the complaint is an accusation that the appellee harbors intense antipathy toward the appellant, and an account *651 of situations from which the appellant evidently wishes us to deduce that the appellee has been indulging in retaliation because the appellant's partner was a candidate against the appellee at a recent election. The complaint contains details of various cases decided by the appellee and brought here for review. Evidently the purpose of these allegations is to show that success by the appellant in this court demonstrated that the appellee's judgment was warped by his hatred of the appellant.
The appellant asserted in his complaint that the last four cases filed by him have "fallen in" the appellee's division and he charged that "[s]ince the [appellee had] signed an order to show a cause why a minister should not be held in contempt for filing an affidavit of prejudice concerning the [appellee], the [appellant had] found it impossible to get sufficient supporting affidavits to the effect that said [appellee] is prejudiced against him, but the facts in this case and the record will conclusively show prejudice on the part of the [appellee]."
Based upon this indictment of the appellee for his attitude toward this court as well as his hostility toward the appellant, the circuit court was asked to hold "as a matter of law and fact that the [appellee was] prejudiced against the [appellant]" and disqualified "from hearing any cases wherein your plaintiff is involved." (Italics supplied.)
As we understand the appellant, he insists that he is entitled now, in effect, to an injunction forever to restrain the appellee from entertaining any case in which the appellant may appear.
We are not conscious of any power vested in the circuit court to preclude one of its judges from adjudicating a given case, of which the court has jurisdiction, upon the appearance as counsel in the case of an attorney whom one of the litigants chooses to represent him. The jurisdiction of the circuit court is fixed by organic law. Each judge of the court exercises the same jurisdiction and one judge may not oust his colleague from the trial of a case on any such theory as the appellant proposes.
Nor is this court empowered to interfere in the jurisdiction of the circuit court in any such fashion. It is only when that jurisdiction is wanting or is exceeded that this court is empowered to reach beyond the sphere of its jurisdiction and curb the actions of a judge of the circuit court. True, this court may reverse orders, judgments and decrees and even direct what orders, judgments and decrees the circuit court should enter in their stead, but this is not an invasion of the jurisdiction of the circuit court. It is done only to correct errors this court determines to have been committed.
We conclude that a circuit judge has no power to do what the appellant requested and that we have no power to order the circuit judge to do so. From a practical standpoint the granting of the relief would result in an impossible situation. Once the appellee started the consideration of a case, he could be rendered impotent to proceed immediately one of the parties engaged the appellant to participate as an attorney.
The statute, Sec. 338.10, Florida Statutes 1953, and F.S.A., provides for disqualification of judges and the appellant may resort to it as often as he finds it necessary. The law does not specify that disqualification may be accomplished by reason of prejudice against the attorney in a case, but this court seems to have extended the protection to counsel under certain conditions, for instance, when the prejudice against the lawyer is of such degree that it adversely affects the client. State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613; State ex rel. Fuente v. Himes, 160 Fla. 757, 36 So.2d 433.
There is abundant law to insure the clients of the appellant fair trials of their cases. There is no provision in the statutes or the decisions for a blanket decree restraining a particular judge from hearing all cases in which a particular attorney may appear in his professional capacity as an officer of the court and we unreservedly decline *652 to introduce such a novel and revolutionary procedure.
The circuit judge ruled properly when he dismissed the complaint and his order is 
Affirmed.
DREW, C.J., and ROBERTS and THORNAL, JJ., concur.