John Edward GRAY, June Niles, and Raoul L. O'Dell, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–881A216.

Court of Appeals of Indiana, Third District.

June 23, 1983.

---

Harold W. Myers, Michael W. Spurgeon, Fort Wayne, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

**6.** IC 1976, 9–4–4.5–4 (Burns Code Ed., 1982 Supp.).

STATON, Judge.

This is an interlocutory appeal from the denial of a motion for change of venue from the judge. Ind.Rules of Criminal Procedure, Trial Rule 12. The attorney who represented three criminal defendants in three unrelated criminal cases before the same trial judge filed his verified motion for change of judge in all three criminal cases. The motion alleged that the judge was biased and prejudiced against the criminal defendants and their attorney. Later, the attorney filed a "Supplemental Affidavit" which set forth certain alleged acts of prejudice of the judge toward him in previously tried criminal actions. After a hearing of the evidence in support of the allegations, the judge denied the motion.

The issue presented by this appeal is whether the judge abused his discretion when he denied the motion for change of judge.[1]

We affirm.

The statutory basis for the change of judge is IC 35–36–5–2(1) (Burns Code Ed., Supp.1982) which is as follows:

"The defendant and the state may obtain a change of judge if the judge:

(1) Is biased or prejudiced against the moving party and that the moving party cannot obtain a fair trial before the judge."

At the hearing on the motion for change of judge, there was absolutely no evidence that the judge had any bias or prejudice against any of the defendants. Therefore, a secondary threshold issue is whether the "moving party" is entitled to a change of judge if the evidence shows that the judge has bias and prejudice against the attorney representing the "moving party" which permeates the constitutional fabric guaranteeing a fair trial.

At the hearing on the attorney's motion for change of judge, he testified to several instances before the judge where he felt that the judge had displayed bias and prejudice against him. The first instance was in a case where the defendant had been charged with driving under the influence, *State v. Hartman.*

In the first instance, another attorney had already entered his appearance for the defendant and had been granted several continuances. When the other attorney moved for another continuance, the judge denied his motion. Later, the case was set for trial. The other attorney called the court and stated that he was sick and could not attend the trial. Two or three days before trial, the attorney representing the three criminal defendants in the present case entered his appearance and asked for a continuance. The judge indicated that the motion was just another attempt to delay the trial and ordered the other attorney to appear too on the day of the trial.

When the trial was ready to proceed, the prosecutor informed the judge that neither attorney had signed the stipulation regarding the breathalyzer test. The judge responded that it appeared that both attorneys were conspiring to further delay the case. He ordered the other attorney back in the case to help with the defense of the defendant. After the trial, the defendant was found guilty. He appealed. His conviction was affirmed by this Court.

---

1. The second issue suggested by the Appellant in this appeal has been waived. This issue was whether the trial judge erred by presiding over the hearing regarding his own bias and prejudice and later, ruling on the motion. This issue was not raised by objection either before or after the hearing. It can not be raised in a petition under AP. 4(B). *Crosson v. State* (1980), Ind., 410 N.E.2d 1194, 1195; *Salrin v. State* (1981), Ind.App., 419 N.E.2d 1351, 1354. However, it should be noted that even in the Federal practice where a judge may be required to recuse himself from acting any further on the motion, the judge must first determine the sufficiency of the affidavit. The judge must determine whether the facts set out in the affidavit are legally sufficient to require recusal. If not, the motion fails. The affidavit must allege material and specific facts that if true would convince a reasonable person that bias exists. *U.S. v. Serrano,* C.A.Fla.1979, 607 F.2d 1145; *Ronwin v. State Bar of Arizona,* C.A. Ariz.1982, 686 F.2d 692. The "Supplemental Affidavit" filed by the attorney in this appeal does not meet the federal sufficiency standard.

Besides the denial of motions for continuances in the first instance, the only other statements by the attorney relating to bias and prejudice of the judge were as follows:

"There were several disparaging remarks toward me as defense counsel made on the record that I had somehow conspired with Mr. Swihart to obtain that continuance or in some fashion mislead the Prosecutor with regard to the breathalyzer test. . . ."

The remarks by the judge which were characterized by the attorney as "disparaging" were never revealed so that we can determine their nature, content, or the context in which they were made.

The second instance was in the case of the *State of Indiana v. Frances Woodson.* Mrs. Woodson had been charged with prostitution. Again, another attorney had entered his appearance for Mrs. Woodson. Without checking the record before entering his appearance, the attorney entered his appearance and later asked the judge the status of the case. He was informed that another attorney had already entered his appearance for Mrs. Woodson. The attorney asked the judge for a week continuance of the case so that he could find out whether the other attorney was going to stay in the case. He stated that he did not want to enter a plea for Mrs. Woodson until he could make this determination. The judge denied his motion for a continuance. He told the attorney that he felt that his motion for a continuance was merely an attempt to delay and stall the case. Again, the judge ordered both attorneys who had entered their appearances to appear and defend Mrs. Woodson. The attorney testified that he felt the judge ". . . had maligned my character as a lawyer for the very fact that I was asking for a continuance and I was not intending to delay anything. I was merely trying to get ahold of the other lawyer and, again, I didn't know about the other lawyer until the very morning that I appeared in court."

The third instance occurred after the attorney had requested his associate obtain continuances in pending cases where he had entered his appearance. These continuances were necessary since the attorney had emergency surgery at Parkview Hospital. About ten days later, "I was led to understand that during the course of those cases that the judge had questioned my credibility as to whether I was actually in the hospital or not." The attorney further testified, "So, about the second day I was back, I was supposedly supposed to be on crutches. Again, I couldn't get around the courthouse or the office on crutches, so I was walking with a cane. I encountered Judge Moellering in the basement of the City-County Building and he said, 'Oh, you really were ill,' as if to question why I had misled the court by means of a third party into thinking I was ill."

The fourth instances in the attorney's testimony concerned the motion for change of venue from the judge filed in the case of defendant Gray, a defendant in this appeal. Before entering a plea, a motion for change of judge was filed on July 22. The judge ". . . indicated to me once again that I was doing this for the purpose of delay and I said, 'I'm certainly not. We're entitled under the statute to have a hearing.'" The judge set the hearing for August 10. The attorney said, "Your Honor, I did not know that you were going to set this hearing immediately. I did not bring my calendar with me." The judge replied, "you're not pulling that on me. You're not getting a continuance in that fashion." In reply the attorney said, "Judge, I'm not doing this to obtain a continuance. I'm doing this in order that I can coordinate with my calendar so that I can be sure and be here." The hearing was held on August 10.

Every instance cited by the attorney concerns delay. Because he creates confusion by entering his appearance for defendants when other attorneys have already entered their appearances; because he apparently never checks the record to determine the status of his cases before entering his appearance; and, because he is incessantly requesting a continuance or change of judge, the trial judge somehow feels the attorney seeks to delay the disposition of

cases pending in his court. Obviously, this feeling or attitude of the trial judge becomes heightened with each successive motion for continuance and dual appearance upon the record. Each delay increases the number of cases pending and wastes precious judicial time which is already in short supply. For whatever reason, the attorney's motions for continuance or change of judge increases the strained relationship between the attorney, an officer of the court, and the trial judge. But, a strained relationship between the attorney and the trial judge is not a sufficient basis for a change of venue from the judge. *Lestikow v. Hoosier State Bank of Ind.* (1979), Ind.App., 394 N.E.2d 225; *Fuente v. Hines* (1948), 160 Fla. 757, 36 So.2d 433.

Another common denominator of every instance cited by the attorney is that none were extrajudicial. Every instance had to do with the trial judge's ruling on a motion for continuance or with the proper representation of a criminal defendant. None of the remarks or actions of the trial judge related to the merits of the particular case. *U.S. v. Serrano*, C.A.Fla.1979, 607 F.2d 1145, at 1150. A desire by a trial judge to expedite those criminal cases pending in his court and to avoid all unnecessary delays is to be commended. It is not a desire which any reasonable person can possibly interpret as bias and prejudice.

We have made a very careful examination of the record and the testimony of the attorney, but we can not conclude that there is any evidence tending to show the slightest permeation of the constitutional fabric guaranteeing a fair trial. Therefore, we affirm the denial of the motion for change of venue from the judge.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs in result.