## STATE OF FLORIDA v PETITO
### Case No. 87-901CF
Nineteenth Judicial Circuit, Martin County
April 11, 1991

## OPINION OF THE COURT

LARRY SCHACK, Circuit Judge.

### ORDER RE: "MOTION TO RECUSE"

THIS CAUSE came before the Court on the Defendant's "Motion to Recuse". The Court has filed with the Clerk all the paperwork received from Defense Counsel with the Motion as a Court's Exhibit.

The Court is aware of the limited function it must perform when reviewing a motion for disqualification. "[T]he judge with respect to whom the motion is made may only determine whether the motion is legally sufficient and is not allowed to pass on the truth of the allegations." *Livingston v State*, 441 So.2d 1083, 1086 (Fla. 1983); *see also* Fla.R.Cr.P. 3.230. Indeed, it is reversible error for the trial court to attempt to refute the allegations of the motion. *Bundy v Rudd*, 366 So.2d 440 (Fla. 1978).

Upon examination of the Defendant's Motion and supporting affidavits, the Motion fails to comply with Fla.R.Cr.P. 3.230 and *Livingston, supra,* and is therefore DENIED.

Even though it appears Rule 3.230 has been complied with as to the form of the Motion, this Court must still rule on its legal sufficiency. On the issue of legal sufficiency, ". . . the law is well established that the asserted facts must be 'reasonably sufficient' to create a 'well-founded fear' in the mind of a party that he or she will not receive a fair trial." *Fischer v Knuck,* 497 So.2d 240, 242 (Fla. 1986). The Florida Supreme Court has held ". . . that without a showing of some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had, affidavits supporting a motion to disqualify are legally insufficient." *Dragovich v State,* 492 So.2d 350, 353 (Fla. 1986). Further, "[t]he facts and reasons given must tend to show personal bias or prejudice." *Lewis v State,* 530 So.2d 449, 450 (Fla. 1st DCA 1988). "Subjective fears" are not legally sufficient to justify a well-founded fear of prejudice. *Fischer, supra,* at 242.

The allegation raised in the Motion is that the Defendant feels he could not receive a fair hearing in this matter because the undersigned previously reported the Defendant's counsel to the Florida Bar in a completely unrelated matter in early 1990. Attorneys are *required* by Rule 4-8.3 of the Rules Regulating The Florida Bar to report suspected misconduct of a fellow attorney to the Florida Bar. This Court finds that such an allegation is not ". . . 'reasonably sufficient' to create a 'well-founded fear' in the mind of a party that he or she will not receive a fair trial" or hearing. *Fischer, supra,* at 242; *Livingston, supra,* at 1087.

The legal commentators and appellate courts have drawn a distinction between allegations of bias or prejudice against an attorney, and allegations of such bias or prejudice to a degree that it spills over and adversely affects the client. J. Shaman, S. Lubet & J. Alfini, JUDICIAL CONDUCT AND ETHICS, § 5.08 (1990). The Florida Supreme Court, construing the applicable section dealing with disqualification, has held that ". . . prejudice refers to prejudice to the client and not his lawyer" and ". . . that in certain instances the prejudice against the lawyer might be of such character and degree as to rob the court of that degree of impartiality required by law." *State v Himes,* 36 So.2d 433, 438 (Fla. 1948). The Court has further held on this subject ". . . that a judge may be disqualified due to prejudice towards an attorney where the prejudice 'is of such degree that it adversely affects the client.' " *Livingston, supra,* at 1087. *State v Cannon,* 163 So.2d

190

535, 537 (Fla. 3d DCA 1964). *See: Yesbick v State,* 408 So.2d 1083 (Fla. 4th DCA 1982), appeal dsmd. 417 So.2d 331 (Fla. 1982).

Even though the Motion itself appears to be sufficient as to form, the allegation in the Defendant's Motion is not legally sufficient to meet the requirements of *Himes* and *Livingston. Hayslip v Douglas,* 400 So.2d 553 (Fla. 4th DCA 1981) is not controlling here. The extreme facts in *Hayslip* reveal comments by the judge to counsel of record in a pending case, dealing with counsel's actions in that case.

As a practical matter, if an allegation of this type were deemed to be legally sufficient, it would serve to preclude any judge from hearing any case presented by an attorney that the judge had previously filed a grievance against. The consequences of such a ruling could wreck havoc with the judiciary in this state, especially in small communities such as this one. The Court of Appeals of Georgia had occasion to address this issue in construing Canon 3(C)(1)(a) of the Georgia Code of Judicial Conduct, which appears to be identical to Canon 3(C)(1)(a), Florida Code of Judicial Conduct. The Georgia Court held:

> Any alleged prejudice or bias against the party's attorney rather than the party himself is not, per se, grounds for disqualification. If it were, an attorney who felt himself to be the object of such bias would be the living embodiment of a limitation on the trial judge's power and responsibility to hear cases within the jurisdiction of the judge's court. If the attorney and his relationship with the judge is determinative of whether or not that trial judge is "qualified" to hear cases which are otherwise within his court's jurisdiction, that attorney, depending upon whether or not he moved to disqualify on these grounds, would have the ultimate power to confer upon or deny to the judge this jurisdictional power and authority. If this were so, in some circumstances it could be in the attorney's "interest" to cultivate the judge's prejudice so as to avoid appearance before him. Such an attorney could offer clients not only legal advice and representation but also their "choice" of judges. Obviously this form of "judge shopping" is not a power which the bar can exercise over the bench of this state. *Mann v State,* 269 S.E.2d 863, 864 (Ga. App. 1980).

In this County, where there is but a single Circuit Judge in the Criminal Division, all defendants who did not like the way the judge might handle their cases, could simply flock to the single attorney effectively shopping for a different judge. Rule 3.230 could not possibly have been intended to allow such a consequence. *See: Ginsberg v Holt,* 86 So.2d 650, 651 (Fla. 1956). (For an interesting discussion of a

**191**

related issue see Justice Kogan's concurring opinion in *MacKenzie v Super Kids Bargain Store, Inc.*, 565 So.2d 1332, 1340 (Fla. 1990)).

The Defense is given leave to move for Writ of Prohibition in the Fourth District Court of Appeal if they feel that would be an appropriate remedy. *Bundy v Rudd, supra.*

DATED this 11th day of April, 1991.