773 So.2d 600 (2000)
Olegard SUME and Frisner Boyer, Petitioners,
v.
STATE of Florida, Respondent.
No. 1D00-4132.
District Court of Appeal of Florida, First District.
December 6, 2000.
*601 Andrew F. Rier, Miami, and Bruce Reich, Miami Beach, for Petitioners.
Robert A. Butterworth, Attorney General, Office of the Attorney General, Tallahassee, for Respondent.
PADOVANO, J.
The petitioners are defendants in a pending criminal case. They sought to disqualify the assigned trial judge based on an alleged conflict between the judge and an attorney recently retained as co-counsel. The judge declined to disqualify himself, and the petitioners now seek prohibition in this court. We conclude that the petitioners were not entitled to an order disqualifying the judge, because the newly associated lawyer knew of the potential conflict at the time he filed his notice of appearance. Therefore, we deny the petition.
Before the present controversy arose, attorney John Cascone filed a motion to recuse Judge Robert Foster from all cases in which he appeared as counsel. Cascone alleged that Judge Foster disliked him and was biased against him. He recounted a conversation in which Judge Foster had allegedly implied that Cascone's wife was seeing another man. Judge Foster did not concede the truth of this accusation but he granted the motion. On December 7, 1999, the judge entered a standing order recusing himself from all of Cascone's cases.
When the charges were filed against Olegard Sume and Frisner Boyer in this case, they retained attorneys Andrew Reier and Bruce Reich, respectively. Attorney Cascone was later asked to join Reich as defense counsel, but by then Judge Foster had been assigned to the case and a trial date had been set. On September 27, 2000, Cascone filed a notice of appearance as co-counsel for the defendant Boyer. The next day, he appeared for a hearing along with the other two defense lawyers. In the course of the hearing, Cascone reminded Judge Foster of the standing recusal order. Judge Foster informed the parties that he had vacated the order and that it would not be applied to the case against Sume and Boyer.[1]
Following the hearing, the defendants each filed a motion styled as a "Motion to Recuse" the trial judge. The motions were based on allegations that the trial judge had expressed animosity toward Boyer's newly associated co-counsel, John Cascone. The motions allege that the defendants and their original lawyers were unaware of the conflict between Cascone *602 and Judge Foster at the time Cascone filed his notice of appearance. Judge Foster denied the motion, and the defendants then filed a petition for writ of prohibition in this court.
We begin by correcting a common mistake in terminology. The defendants' motions should have been styled as motions for disqualification and not motions for recusal. Although these terms are often used interchangeably, they have different meanings. The term "recusal" is most often used to signify a voluntary action to remove oneself as a judge. See Black's Law Dictionary, 7th Ed. p. 1281 (1999). In contrast, the term "disqualification" refers to the process by which a litigant may seek to remove a judge from a particular case. Disqualification is the proper term for the motion filed here. See Fla.R.Jud.Admin. 2.160.
Although the matter has apparently not been addressed in the Florida case law, we conclude that an order denying a motion for disqualification is reviewable by the de novo standard of review. Rule 2.160(c) states that the trial judge shall "determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Whether the motion is "legally sufficient" is a pure question of law. See MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla.1990). It follows that the proper standard of review is the de novo standard. See Armstrong v. Harris, 773 So.2d 7 (Fla.2000); Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).
A motion to disqualify a judge could be based on a conflict between the judge and a lawyer representing a party, but in this case the alleged conflict was created by a decision to retain a new lawyer late in the proceeding. Attorney Cascone was retained as co-counsel long after Judge Foster had been assigned to the case. Because Cascone brought the conflict into the case, his client cannot now argue that the judge must step aside. As the court explained in Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774 (Fla. 3d DCA 1992) "a party may not bring an attorney into a case after it has been assigned to a judge, and then move to disqualify the judge on grounds that the judge has a bias against the attorney."
The defendants attempt to distinguish Town Centre on the ground that they did not know of the alleged conflict at the time Boyer retained Cascone to serve as co-counsel. We think this is a distinction without a difference. Perhaps it is true that the defendants and their original lawyers were all unaware of the conflict, but Cascone was certainly aware of it and he had a duty to disclose it to his client. See R. Regulating Fla. Bar 4-1.4(b). If attorney Cascone's notice of appearance created an unexpected problem for the defendants, that is an issue the defendants must take up with Cascone, not with the trial judge.
Petition denied.
JOANOS and WEBSTER, JJ., CONCUR.
NOTES
[1] Attorney Cascone filed a petition for writ of prohibition to review the trial court's order vacating its standing recusal order, but the petition was denied. See Cascone v. Foster, 774 So.2d 773 (Fla. 1st DCA 2000).