774 So.2d 773 (2000)
John Joseph CASCONE, Petitioner,
v.
The Honorable Robert M. FOSTER, Circuit Court Judge of the Fourth Judicial Circuit in and for Nassau County, Florida, Respondent.
No. 1D00-4193.
District Court of Appeal of Florida, First District.
December 6, 2000.
Rehearing Denied December 29, 2000.
Petitioner, pro se.
Robert A. Butterworth, Attorney General, Office of the Attorney General, Tallahassee for Respondent.
PADOVANO, J.
The petitioner, John Cascone, is a practicing attorney. He seeks a writ of prohibition to challenge a judge's decision to vacate a standing recusal order. We conclude that the recusal order did not establish any right that could be enforced by the petitioner. Accordingly, we hold that the trial court was not obligated to keep the order in effect and we deny the petition.
Attorney Cascone asked Judge Robert Foster to recuse himself in all cases in which he appeared as counsel. When the judge declined, Cascone filed a motion captioned "In re: Robert M. Foster" and styled as a "Motion to Recuse." The motion was filed with the clerk of the court, but not in a particular case. In the motion, Cascone alleged that Judge Foster disliked him and was biased against him. He recounted a conversation in November 1999, in which Judge Foster had allegedly implied that Cascone's wife was seeing another man.
Without commenting on the truth of this accusation, Judge Foster granted Cascone's *774 request for a standing recusal order. On December 7, 1999, the judge entered an order recusing himself from all of Cascone's cases. This order remained in effect until September 28, 2000, when the judge vacated it on his own motion. Cascone now petitions this court for a writ of prohibition to quash the order vacating the original recusal order and to prevent the trial court from presiding over any of his cases in the future.[1]
The outcome of the case is controlled by the supreme court's decision in Ginsberg v. Holt, 86 So.2d 650 (Fla.1956). There, a lawyer filed a suit for an injunction to prevent a trial judge from considering any of his cases. The supreme court affirmed a dismissal of the complaint for the following reason:
There is no provision in the statutes or the decisions for a blanket decree restraining a particular judge from hearing all cases in which a particular attorney may appear in his professional capacity as an officer of the court and we unreservedly decline to introduce such a novel and revolutionary procedure.
Id. at 651-2. The court restated this principle in Livingston v. State, 441 So.2d 1083 (Fla.1983), and emphasized the point with the categorical warning that "a lawyer's request for a general disqualification will not be granted." Id. at 1085.
It is important to note that Ginsberg and Livingston serve as a limitation on the right to obtain a general disqualification order, and not on the authority of the court to determine on its own that recusal is warranted in a class of cases. A trial judge may wish to give the court clerk instructions not to make assignments in cases filed by certain lawyers, for example to avoid all cases in which a close relative appears as counsel of record. However, a judge's decision to order recusal administratively in a class of cases is a professional decision that creates no right on the part of a lawyer or a litigant. A party who fears that a judge is biased may file a motion to disqualify the judge under rule 2.160, but, as the court explained in Ginsberg and Livingston, that right exists only in a particular case.
Cascone argues that, even though he may not have been entitled to the standing recusal order, the trial judge was bound to follow it once it was entered. In support of this argument, he relies on the general principle that a judge who enters an order of disqualification may not take any further action in the case. See Fla.R.Jud.Admin. 2.160(f); Bolt v. Smith, 594 So.2d 864 (Fla. 5th DCA 1992); McKay v. McKay, 488 So.2d 898 (Fla. 3d DCA 1986). The application of this principle is limited, however, to an order disqualifying a judge from presiding over a particular case. If the principle were applied to a standing recusal order, like the one in this case, the judge would be forced to comply with the order in perpetuity. This would result in the same kind of general disqualification the supreme court condemned in Ginsberg and Livingston.
For these reasons, we conclude that the petitioner Cascone has no legal right to challenge Judge Foster's decision to vacate the standing recusal order. If the petitioner believes that Judge Foster should not preside over a case, he may file a motion for disqualification under rule 2.160 in that case.
Petition denied.
JOANOS and WEBSTER, JJ., CONCUR.
NOTES
[1] We are aware of the fact that a petition for writ of prohibition directed to a trial judge should be captioned in the name of the parties in the lower tribunal and not in the name of the judge. See Fla.R.App.P. 9.100(c). However, in the present case we are unable to correct the caption, because the petition seeks review of an order that was not filed in a particular case.