SCHWARTZ, Chief Judge.
This is an application for prohibition claiming that the trial judge should have granted the plaintiffs motion for disqualification filed after a mistrial was declared during a jury trial. The record shows[1] that the now-challenged actions of the trial court did not stem, as the petitioner contends, from any disqualifying personal bias or prejudice towards her or her counsel. See Code of Judicial Conduct, Canon-3 E(l)(a). Rather, they involved well-considered and appropriate exercises of “judicial responsibility to take corrective action” against manifest improprieties. Birotte v. State, 795 So.2d 112, 113 (Fla. 4th DCA 2001), review denied, 819 So.2d 132 (Fla.2002). Prohibition is therefore denied. See State ex rel. Fuente v. Himes, 160 Fla. 757, 36 So.2d 433, 438-39 (1948)(“A lawyer cannot disagree with the court and deliberately provoke an incident rendering the court disqualified to proceed further.”); Ellis v. Henning, 678 So.2d 825, 827 (Fla. 4th DCA 1996)(“A trial judge’s expression of dissatisfaction with counsel or a client’s behavior alone does not give rise to a reasonable belief that the trial judge is biased and the client cannot receive a fair trial.”), review denied, 699 So.2d 1373 (Fla.1997). See generally 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997); see also Kopel v. Kopel, 832 So.2d 108 (Fla. 3d DCA 2002) (Schwartz, C.J., specially concurring in denial of rehearing en banc), review denied, 848 So.2d 1154 (Fla.2003).[2]
Prohibition denied.

. Particularly the parts supplied only by the respondent.

. It is unnecessary to resolve the separate, substantial issue of the timeliness of the motion for disqualification below. See Fla. R.Jud. Admin. 2.160(e).