PER CURIAM.
This petition seeks to disqualify a trial judge from presiding over seventeen cases based on events that occurred in one case. We deny the petition.
Petitioners seek disqualification based on events which occurred in an adoption proceeding which attracted media attention. Petitioner R.M.C. filed a motion to disqualify in the adoption case based on comments the trial judge made concerning whether R.M.C. or her attorneys had contacted the media. While the motion to disqualify was pending, the trial judge issued three orders in the adoption case. Thereafter, the trial judge issued an order of recusal in the adoption case.
The attorneys for R.M.C. filed motions to disqualify the trial judge in every other pending case where they were counsel of record. The motions asserted that the trial judge had shown bias and prejudice against the attorneys in the adoption case which presented a legal basis for disqualification in all other cases. The trial judge denied the motions as legally insufficient under rule 2.330, Florida Rules of Judicial Administration, and cited Cascone v. Foster, 774 So.2d 773, 774 (Fla. 1st DCA 2000) (noting that “a lawyer’s request for a general disqualification will not be granted”).
This petition for writ of prohibition seeks to quash the three orders that were issued in the adoption case after the motion to disqualify was filed and to disqualify the trial judge from presiding in sixteen other pending cases where the attorneys are counsel of record. Petitioners assert that the trial judge’s prejudice against the attorneys as expressed in the adoption case extends to all of the cases in which the attorneys represent clients before the trial judge. Petitioners state that they have not made a blanket recusal request, but instead, have filed individual motions for recusal in each case. Petitioners argue that the trial judge’s reliance on Cascone is misplaced because the motion to recuse in Cascone was filed with the clerk of the court, but not in a particular case and that prejudice toward client’s counsel is prejudice to the client. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
In determining whether a motion to disqualify is legally sufficient, the appellate court reviews the motion’s allegations under a de novo standard. See Peterson v. Asklipious, 833 So.2d 262, 263 (Fla. 4th DCA 2002). Rule 2.330 requires a judge to enter an order granting disqualification if the motion to disqualify is “legally sufficient.” A motion is legally sufficient if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990). “A verified motion for disqualification must contain an actual factual foundation for the alleged fear of prejudice.” Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). A mere “subjective fear[ ]” of bias will not be legally sufficient; rather, the fear must be objectively reasonable. Id. at 242. The burden is on the party seeking disqualification to show a well-founded fear of not receiving a fair trial. See Adkins v. Winkler, 592 So.2d 357 (Fla. 1st DCA 1992).
 Because the trial judge has disqualified herself from the adoption case, the request for prohibition relief is denied as to the adoption case. “Prohibition is a preventative, rather than a corrective remedy; it acts only to prevent the commission of an act, and is not an appropriate remedy to revoke an order already issued.” Morse v. Moxley, 691 So.2d 504, 506 (Fla. 5th DCA 1997) (citing English v. McCrary, 348 So.2d 293 (Fla.1977)). Pro *237 hibition will not lie to revoke the orders that the trial judge entered in the adoption case after the motion to disqualify was filed.
As to the' sixteen other cases where the attorneys are counsel of record, courts look with disfavor on a blanket request for recusal. Ginsberg v. Holt, 86 So.2d 650 (Fla.1956). In Ginsberg, a lawyer filed a suit for an injunction to prevent a trial judge from considering any of his cases. The Florida Supreme Court affirmed a dismissal of the complaint, stating:
There is no provision in the statutes or the decisions for a blanket decree restraining a particular judge from hearing all cases in which a particular attorney may appear in his professional capacity as an officer of the court and we unreservedly decline to introduce such a novel and revolutionary procedure.
Id. at 651-2. The Florida Supreme Court restated that principle in Livingston v. State, 441 So.2d 1083 (Fla.1983), and emphasized the point with the categorical warning that “a lawyer’s request for a general disqualification will not be granted.” Id. at 1085. Although petitioners’ attorneys deny filing a blanket motion for recusal, that is in effect what has been done by filing a motion to recuse in every single pending case in which the trial judge is presiding and the attorneys are counsel of record. The trial judge’s comments in the adoption case did not require disqualification in every other pending case in which the attorneys appear as counsel of record.
VAN NORTWICK, THOMAS, and RAY, JJ., concur.