PER CURIAM.
George Zimmerman petitions for issuance of a writ of prohibition. This is the proper mechanism for challenging the denial of a motion to disqualify a trial judge. See, e.g., Lusskin v. State, 717 So.2d 1076, 1077 (Fla. 4th DCA 1998). Reviewing the matter de novo, see R.M.C. v. D.C., 77 So.3d 234, 236 (Fla. 1st DCA 2012), we grant the petition.
Florida Rule of Judicial Administration 2.330 requires a trial judge to grant a motion to disqualify without determining the accuracy of the allegations in the motion, so long as the motion is “legally sufficient.” R.M.C., 77 So.3d at 236. “A motion is legally sufficient if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.” Id. (citing MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990)). Although many of the allegations in Zimmerman’s motion, standing alone, do not meet the legal sufficiency test,[1] and while this is admittedly a close call, upon careful review we find that the allegations, taken together, meet the threshold test of legal sufficiency. Accordingly, we direct the trial judge to enter an order of disqualification which requests the chief circuit judge to appoint a successor judge.
PETITION GRANTED.
*1012 LAWSON and COHEN, JJ., concur.
EVANDER, J., dissents with opinion.

. For example, it is well-settled that “adverse judicial rulings do not constitute sufficient grounds to disqualify a judge.” K.H. v. Dep't of Health & Rehabilitative Servs., 527 So.2d 230, 232 (Fla. 1st DCA 1988) (citations omitted).