PER CURIAM.
Petitioner, the injured worker in this workers’ compensation case, challenges the denial of his motion to disqualify the Judge of Compensation Claims (JCC) and seeks a writ of prohibition directing the JCC to disqualify himself. Because we find that the JCC erred in denying the motion to disqualify, we grant the petition.
In his motion and accompanying affidavit to disqualify the JCC, Petitioner asserts that he believes the JCC “is prejudiced against [his] attorney” and that, “as a result of this prejudice,” he fears the JCC will be prejudiced against him and that he “will not receive a fair trial/Final Hearing.” Petitioner bases this belief on the JCC’s denial of a motion to continue filed by Petitioner’s attorney in another workers’ compensation case where the JCC found that the representations made by Petitioner’s attorney in that motion to continue were not credible. Notably, in the other workers’ compensation case, ' the JCC granted a motion to disqualify that was filed at the same time as the motion here and that alleged the same factual basis for disqualification. In the instant case, however, the JCC denied the motion to disqualify as “legally insufficient.” '
The Rules of Procedure for Workers’ Compensation Adjudications provide that “[a]ny motion- for disqualification of a judge shall be made and determined pursuant to [Florida Rules Judicial Administration] 2.330.” Fla. Admin. Code R. 60Q-6.126(1). Under rule 2.330(d), grounds supporting a motion to disqualify a judge include “that the party fears that he or she will not receive a fair trial- or hearing because of specifically described prejudice or bias of the judge.” In addition, rule 2.330(f) states that the judge against whom the motion to -disqualify is directed-must “determine only the legal sufficiency of the motion and shall not pass on the truth of the facts .alleged.” In determining whether a motion to disqualify is legally sufficient, the appellate court reviews the motion’s allegations under a de novo standard. See R.M.C. v. D.C., 77 So.3d 234 (Fla. 1st DCA 2012); Sume v. State, 773 So.2d 600 (Fla. 1st DCA 2000).
In the order denying Petitioner’s motion, the JCC cited case law holding that a lawyer’s request for general disqualification will not be granted. See Ginsberg v. Holt, 86 So.2d 650, 651 (Fla. 1956) (rejecting appellant/attorney’s request for what was, “in effect ... an injunction forever to restrain the appellee from entertaining any case in which the appellant may appear”); Cascone v. Foster, 774 So.2d 773 (Fla. 1st DCA 2000) (denying writ of prohibition to petitioner/attorney who challenged judge’s decision to vacate standing recusal order, because general disqualification, in accordance with Ginsberg, will not be granted, but-also noting party retained the right to move for disqualification in specific proceeding). Nevertheless, as Petitioner correctly points out, his attorney did not make a request for general disqualification; instead, Petitioner made a request *1284 for the JCC’s disqualification from this specific case. Thus, the JCC did not give a valid reason here for finding the motion to be legally insufficient.
Under the applicable standard, a motion to disqualify based on prejudice or bias is legally sufficient if “the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983); see also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990). Here, Petitioner alleges that the JCC is prejudiced against his attorney because he previously stated that his attorney was not credible— that is not worthy of belief. As noted, Petitioner’s factual allegations must be taken as true. Under Florida law, a judge’s statement that he feels a party has lied is generally considered an indication of bias against the party. See, e.g., DeMetro v. Barad, 576 So.2d 1353, 1354 (Fla. 3d DCA 1991) (citing Brown v. St. George Island, Ltd., 561 So.2d 253, 257 (Fla. 1990)). In Brown, the Florida Supreme Court expressly agreed with the analysis by the Third District Court of Appeal which included reliance on Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960), cert. denied, 127 So.2d 678 (Fla. 1961) (holding that statement by judge that party has lied generally indicates bias). Notably, in reaching the holding in Tobin, the district court there commented that:
[T]he formation of a prejudice during and as a result of a party’s testimony in a trial need not affect the case in which it was arrived at in that manner, although it may operate to disqualify that judge from hearing any later or second trial of that case if one is had, or from participating in any subsequent trial in which that party is involved.
Id. at 202 (emphasis added). The JCC’s statement here was effectively directed at Petitioner’s attorney, not the party/Petitioner. But, as an indication of a bias which may create a party’s fear of not receiving an impartial hearing, there is no appreciable difference. We find, therefore, that the facts alleged here are legally sufficient to support Petitioner’s motion to disqualify.
Accordingly, we GRANT the Petition for Writ of Prohibition, QUASH the order denying the motion to disqualify, and direct the Deputy Chief Judge of Compensation Claims to reassign the case.
ROBERTS, C.J., LEWIS and BILBREY, JJ., CONCUR.