# Third District Court of Appeal

## State of Florida

Opinion filed November 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1689
Lower Tribunal No. 17-25652
_____


**Jared Schmelzer,**
Petitioner,

vs.

**Dean Frankel,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Cozen O'Connor, and Ralf R. Rodriguez, for petitioner.

Friedman & Friedman, P.A., and John S. Seligman and Zachary A. Friedman; Ross & Girten, and Lauri Waldman Ross, for respondent.


Before MILLER, LOBREE and BOKOR, JJ.

BOKOR, J.

Petitioner Jared Schmeltzer seeks a writ of prohibition directed to the trial judge for comments that Schmeltzer claims amount to the trial judge's pre-trying the case or prejudging a defense or claim. Schmeltzer challenges several of the trial judge's comments. We focus on a colloquy between Schmeltzer's trial counsel and the trial judge regarding a motion *in limine* in which the trial judge expressed concern over a possible line of questioning regarding alleged spoliation of evidence to be introduced through engineering architect/design expert, Jason Salvin.[1]

Specifically, the trial court limited the line of questioning and prohibited Salvin from being a conduit for what the trial court considered hearsay. Schmeltzer files an appendix highlighting what he contends are inappropriate comments by the trial court warranting disqualification. However, Schmeltzer does not highlight the trial court's comments a few pages later during the same colloquy. See generally Camacho v. Kendall Healthcare Grp., Ltd., 872 So. 2d 922, 923 (Fla. 3d DCA 2003) (noting that the court must review all relevant parts of the record, not just the portions presented by petitioner). Here, reviewing the transcript a few pages after the highlighted colloquy, the trial court expressly allowed cross-examination of

---

[1] To the extent Petitioner cites to other portions of the hearing transcript as alternative bases for the relief requested, we deny such relief without further comment.

the fact witness on the very issues Schmeltzer sought to introduce through the expert witness: "Yeah, you're calling him a liar. If you want to do all that, say he's lying, I mean, I guess you could do it. I guess you could…"

The issue becomes whether Schmeltzer can have an objectively reasonable fear he won't get a fair trial because of the trial judge's rulings that limited certain expert witness testimony, while at the same time allowed cross examination on the same issue. Because we conclude the trial court confined its remarks to the issue pending, namely, the scope of witness testimony and the motion *in limine*, any argument regarding possible bias or prejudice was unfounded. See Camacho, 872 So. 2d at 923; see also Lukacs v. Ice, 227 So. 3d 222, 225 (Fla. 1st DCA 2017) ("[W]here a judge's comments are directed to the issue the judge is currently handling, a motion to disqualify can be denied."); ACS 550 LLC v. Florida Laundry Servs., Inc., 319 So. 3d 678, 679 (Fla. 3d DCA 2021) (denying prohibition and citing cases explaining that an adverse ruling, without more, is insufficient to show bias); Shir Law Grp., P.A. v. Carnevale, 314 So. 3d 523, 525 (Fla. 3d DCA 2020) (finding that comments which bore narrowly on the issue before the court were insufficient to warrant disqualification based on prejudice or bias).

The trial court's comments during the extended discussion with counsel reflected the trial judge's use of the hearing and the motions *in limine*

for case management and streamlining of issues for what she viewed as a straightforward case. The court explained the rationale for its decisions but did not prejudge the ultimate issues of the case. While emphatic, upon review of the entire hearing, such observations or mental impressions fail to rise to the level of legally sufficient grounds for disqualification.

Petition denied.

4